EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Marilyn Martínez Rodríguez<br><br>Peticionaria<br><br>v.<br><br>Dr. Karl Lang Correa h/n/c<br>Instituto Cardiopulmonar<br><br>Recurrido | Certiorari<br><br>2023 TSPR 137<br><br>213 DPR ___ |

Número del Caso:  CC-2022-0604


Fecha:  22 de noviembre de 2023


Tribunal de Apelaciones:

    Panel VIII


Abogado de la parte peticionaria:

    Lcdo. Carlos Mondríguez Torres


Abogada de la parte recurrida:

    Lcda. Bruseiny Seise Negrón


Materia:  Sentencia con Opinión de Conformidad y Opinión Disidente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Marilyn Martínez Rodríguez

    Peticionaria

       v.                    CC-2022-0604

Dr. Karl Lang Correa h/n/c
Instituto Cardiopulmonar

    Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 22 de noviembre de 2023.

Expedido el auto de *certiorari* y evaluados los alegatos de las partes, se confirma el dictamen emitido por el Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió una Opinión de conformidad a la que se unieron la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón. La Jueza Presidenta Oronoz Rodríguez concurrió sin opinión escrita. El Juez Asociado señor Estrella Martínez emitió una Opinión disidente a la que se unió el Juez Asociado señor Colón Pérez. Los Jueces Asociados señor Kolthoff Caraballo y señor Rivera García no intervinieron.

                    Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Marilyn Martínez Rodríguez

     Peticionaria

       v.                  CC-2022-0604

Dr. Karl Lang Correa h/n/c
Instituto Cardiopulmonar

     Recurrido

Opinión de conformidad emitida por el Juez Asociado señor MARTÍNEZ TORRES, a la que se unieron la Jueza Asociada señora PABÓN CHARNECO y el Juez Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 22 de noviembre de 2023.

Estoy conforme con la Sentencia que hoy se certifica. En esta ocasión, nuevamente nos correspondía determinar si tras anotar la rebeldía en un pleito bajo la Ley de Procedimiento Sumario de Reclamaciones Laborales, *infra*, el Tribunal de Primera Instancia aún conserva jurisdicción para emitir órdenes dirigidas a celebrar una vista en rebeldía.

Por los fundamentos que expondré a continuación, estoy de acuerdo con confirmar la sentencia emitida por el Tribunal de Apelaciones que ratificó la desestimación sin perjuicio de la

querella promovida por la Sra. Marilyn Martínez Rodríguez (peticionaria).

I

El 11 de febrero de 2019, la señora Martínez Rodríguez presentó una *Querella* sobre despido injustificado en contra del Dr. Karl Lang Correa, h/n/c Instituto Cardiopulmonar (recurrido), bajo el procedimiento sumario instituido por la Ley de Procedimiento Sumario de Reclamaciones Laborales, según enmendada, Ley Núm. 2-1961, 32 LPRA sec. 3118 *et seq*. En resumen, sostuvo que era acreedora de una mesada por razón de despido constructivo, conforme a los diez años en que laboró como secretaria de facturación en la clínica del doctor Lang Correa. Indica que en el 2014, la Sra. Rochelis Tapia, quien fungía como administradora de la oficina médica, comenzó a tratarla hostilmente, lo que le ocasionó daños físicos y emocionales que la obligaron a renunciar.

En respuesta, el doctor Lang Correa incoó su *Contestación a la querella* el 8 de mayo de 2019. Como esta contestación se presentó tres días después de culminado el término otorgado para ello por la Ley de Procedimiento Sumario de Reclamaciones Laborales, supra, la señora Martínez Rodríguez solicitó que se le anotara la rebeldía al recurrido y se dictara sentencia a su favor. Sin embargo, el Tribunal de Primera Instancia denegó su solicitud. En desacuerdo, la peticionaria acudió ante el Tribunal de Apelaciones mediante un recurso de *certiorari*. Tras evaluar el recurso, el foro apelativo intermedio revocó la

determinación del foro primario y ordenó la anotación de rebeldía del doctor Lang Correa.

Conforme al mandato anterior, el Tribunal de Primera Instancia ordenó la celebración de una vista en rebeldía para que la señora Martínez Rodríguez presentara aquella prueba que entendiera pertinente a su caso. Después de que la vista fuera postergada en varias ocasiones, el foro primario determinó que la celebración de la vista en rebeldía sería el 16 de febrero de 2022. En aras de facilitar el manejo de la prueba, el 22 de diciembre de 2021 el Tribunal de Primera Instancia le advirtió a las partes que tenían hasta el 1 de febrero de 2022 a las 5:00 p.m. para someter la evidencia que deseaban utilizar.

Vencido el término para presentar la prueba documental, el 4 de febrero de 2022 el doctor Lang Correa compareció mediante una *Moción en cumplimiento de orden y otros extremos* en la que señaló que la señora Martínez Rodríguez no remitió la evidencia solicitada. Por encontrarse en rebeldía, aseveró que solo podía presentar prueba de impugnación y para ello dependía de la evidencia que se le ordenó descubrir a la peticionaria. Sin embargo, a fin de cumplir con la *Orden* de 22 de diciembre de 2021, acompañó una lista de documentos que podrían constituir prueba de impugnación, sujeto a la evidencia que presentaría en su momento la señora Martínez Rodríguez.

En respuesta, el 11 de febrero de 2022 la señora Martínez Rodríguez presentó una *Moción sobre nulidad de*

*órdenes para admitir prueba documental del querellado.* Alegó que la determinación del Tribunal de Primera Instancia de permitir la prueba sometida por el doctor Lang Correa era *ultra vires* y nula porque contravenía el mandato que ordenó la anotación de rebeldía al recurrido. Así, solicitó que se excluyera la prueba documental presentada por el doctor Lang Correa. Además, requirió que el foro primario determinara los hechos correctamente alegados en la querella.

El galeno se opuso a ambas solicitudes por entender que, aunque estaba en rebeldía, tenía derecho a contrainterrogar el testimonio de la señora Martínez Rodríguez e impugnar la prueba presentada.

Tras recalendarizar la vista en rebeldía, el Tribunal de Primera Instancia emitió una *Orden* el 19 de abril de 2022 por medio de la cual le concedió a la peticionaria un término de 30 días para que cumpliera a cabalidad con el requerimiento emitido el pasado 22 de diciembre de 2021. Por su pertinencia a la controversia ante nos, procedemos a citar parte de la Orden emitida por el foro primario:

> Examinado con detenimiento el expediente y el tracto procesal del presente caso, emitimos las siguientes órdenes: en primer lugar, se le concede a la parte [peticionaria] un término no mayor de 30 días de notificada esta orden, para cumplir a cabalidad la orden emitida el 22 de diciembre de 2021. De incumplir la [peticionaria] con esta orden, el tribunal le impondrá una sanción económica de $300.00 a la representación legal de la parte [peticionaria], y se le concederá un término fatal adicional de 15 días contados a partir de la fecha del primer incumplimiento para que la [peticionaria] cumpla con la orden. De infringir o incumplir la [peticionaria] con este

segundo término, el tribunal procederá a desestimar el presente caso.

En cuan[t]o a la segunda solicitud, una vez la parte [peticionaria] cumpla con la orden antes mencionada, el tribunal aquilatará si la prueba presentada por el [recurrido] es o no prueba de impugnación, de entender que no es prueba de impugnación no permitirá su uso, ya que esta parte se encuentra en rebeldía. Se les recuerda a las partes que una anotación de rebeldía no da pie a una sentencia de manera automática, la parte a favor de quien se emite la rebeldía debe demostrarle al tribunal que en efecto tiene derecho al remedio solicitado. Apéndice de *Petición de certiorari*, págs. 138-139.

Entonces, el 19 de mayo de 2022 la señora Martínez Rodríguez sometió una *Solicitud de breve término*. En ella, su abogado sostuvo que su carga laboral había aumentado significativamente porque perdió a su hijo de un infarto en octubre de 2021 y, en consecuencia, no se reintegró a sus labores hasta el mes de enero de 2022. Además, indicó que tuvo que asumir la carga laboral de una compañera letrada que sufrió un derrame cerebral en diciembre de 2021. Por ello, solicitó un término adicional de diez días para presentar la prueba documental que usarían en la mencionada vista de rebeldía. No obstante, el 20 de mayo de 2022 el Tribunal de Primera Instancia declaró no ha lugar a la solicitud de breve término y, tal cual había advertido, le impuso una sanción económica de $300 a su representación legal por el incumplimiento con la *Orden* de 19 de abril de 2022.

Transcurridos más de 45 días desde la *Orden* del 19 de abril de 2022, sin que la parte peticionaria presentara la

evidencia documental requerida y sin que pagara la sanción impuesta, el 8 de junio de 2022 el Tribunal de Primera Instancia emitió una *Sentencia* por medio de la cual desestimó sin perjuicio la causa de acción de la señora Martínez Rodríguez.

En desacuerdo, la señora Martínez Rodríguez presentó un recurso de apelación ante el Tribunal de Apelaciones. En esencia, alegó que desestimaron su causa de acción por incumplir con unas órdenes que el Tribunal de Primera Instancia emitió sin jurisdicción para ello. Sostuvo que, tras la anotación de rebeldía, el foro primario solo tenía jurisdicción para disponer cuáles alegaciones quedaron admitidas y cuáles requerían la presentación de prueba para corroborarlas. Afirmó que, en vez de dictar sentencia a su favor sin trámite ulterior, el foro primario condujo el pleito como uno ordinario al permitir que el doctor Lang Correa presentara prueba y conociera con meses de anticipación la evidencia documental y testifical que ella presentaría a su favor.

En oposición, el doctor Lang Correa manifestó que las órdenes sobre el manejo del caso se encontraban dentro del marco discrecional del foro de instancia y que la prueba sometida por él era de impugnación y se incluyó por orden del Tribunal.

Tras evaluar ambos planteamientos, el Tribunal de Apelaciones confirmó el dictamen recurrido. Concluyó que el foro de instancia actuó razonablemente, pues tiene la

facultad para solicitar que la parte querellante pruebe su causa de acción aun si la otra parte está en rebeldía. Además, tomó en cuenta que a las partes se les concedió amplia oportunidad para cumplir con la orden de presentar la prueba documental. El Juez Salgado Schwartz emitió un voto disidente en el cual sostuvo que el foro primario abusó de su discreción pues la Ley Núm. 2-1961, supra, dispone que si el patrono no radica su contestación en la forma y término dispuesto, el Tribunal debe dictar sentencia en su contra y conceder el remedio solicitado por el empleado. Expuso que, una vez se presenta la querella fundamentada en hechos bien alegados, se activa la presunción de despido injustificado, por lo que resulta innecesaria la presentación de prueba adicional.

Insatisfecha, la señora Martínez Rodríguez presentó un recurso de *certiorari* ante este Tribunal por medio del cual requirió que declaremos ha lugar la querella, concedamos la mesada junto con los honorarios correspondientes y revoquemos la sanción económica impuesta. Reiteró que la desestimación realizada fue antijurídica por fundamentarse en el incumplimiento con unas órdenes que contravenían la anotación de rebeldía. Insistió que al permitirle a una parte en rebeldía presentar prueba y defenderse, el Tribunal de Primera Instancia ignoró la Ley Núm. 2-1961, supra, pues solo debía determinar cuáles alegaciones se daban por admitidas y cuáles ameritaban prueba para corroborarlas.

En su comparecencia ante nos, el doctor Lang Correa se opuso y recalcó que el foro primario tiene autoridad para dirigir el manejo del caso y que, contrario a lo que argumenta la peticionaria, una parte en rebeldía no está despojada de derechos, pues puede contrainterrogar y presentar prueba de impugnación. Además, enfatizó que el Tribunal de Primera Instancia concedió varias oportunidades a la señora Martínez Rodríguez para que cumpliera con las órdenes, pero hizo caso omiso a las mismas. De esta manera, suplicó declarar no ha lugar el *certiorari* y, con ello, confirmar la sentencia emitida por el Tribunal de Apelaciones.

Tras evaluar detenidamente el asunto, y después de considerar los alegatos de ambas partes, estimo que no se cometieron los errores discutidos por la señora Martínez Rodríguez. Por esto, ante ausencia de prejuicio, error craso o abuso de discreción por parte de los foros hermanos, debemos abstenernos de interferir con sus facultades discrecionales.

II

Es norma reiterada que cuando una parte no contesta la demanda o no se defiende como las leyes y las reglas estipulan, el tribunal podrá anotarle la rebeldía por iniciativa propia o por solicitud de parte. Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V; González Pagán v. Moret Guevara, 202 DPR 1062, 1068 (2019). La rebeldía es un mecanismo que se utiliza como disuasivo para los que

utilizan la dilación como estrategia de litigación. González Pagán v. Moret Guevara, supra, pág. 1069; Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 587 (2011). Funciona como remedio coercitivo contra una parte que no aprovecha la oportunidad que se le brinda de refutar una reclamación instada en su contra. Álamo v. Supermercado Grande, Inc., 158 DPR 93, 101 (2002). La consecuencia jurídica de una anotación de rebeldía es que se darán por admitidos todos los hechos bien alegados en la demanda en contra de la parte en rebeldía. Rivera Figueroa v. Joe's European Shop, supra, pág. 590.

Sin embargo, aunque en el pasado hemos determinado que una parte en rebeldía no podrá presentar prueba para controvertir las alegaciones ni esbozar defensas afirmativas, hemos sido enfáticos en que este mecanismo tampoco pretende que se obtenga una sentencia sin la celebración de un juicio. Román Cruz v. Díaz Rifas, 113 DPR 500, 507 (1992); J.R.T v. Missy Mfg. Corp., 99 DPR 805, 811 (1971). En las sentencias en rebeldía dictadas al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales, supra, las alegaciones conclusorias y determinaciones de derecho, al igual que los hechos incorrectamente alegados, no son suficientes para sostener una adjudicación a favor del demandante o querellante. Vizcarrondo Morales v. MVM, Inc., 174 DPR 921, 937 (2008); Rivera v. Insular Wire Products Corp., 140 DPR 912, 932 (1996). Asimismo, los daños generales reclamados, al no constituir una suma líquida,

tienen que probarse, por lo que no basta con simplemente alegar que estos equivalen a la cantidad reclamada. Vizcarrondo Morales v. MVM, Inc., supra, pág. 937. Por lo tanto, el tribunal debe celebrar las vistas que sean necesarias para tomar una determinación al respecto ya que la anotación de rebeldía no constituye una garantía de que se dictará, sin más, una sentencia a favor del querellante. Íd.; Regla 45.2(b) de Procedimiento Civil, supra.

Sobre este particular, en el pasado recalcamos que los tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. Álamo v. Supermercado Grande, Inc., supra, pág. 102; Rivera v. Insular Wire Products Corp., supra, pág. 931. El tribunal podrá dictar sentencia en rebeldía solo si concluye que procede la concesión del remedio solicitado. González Pagán v. Moret Guevara, supra, pág. 1070. Por último, no podemos olvidar que a una parte en rebeldía le asiste el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. Ins. Co. v. Isleta Marina, 106 DPR 809, 817 (1978). Esa parte no renuncia a plantear las defensas de falta de jurisdicción o que la demanda no aduce hechos constitutivos de una causa de acción a favor del reclamante. Íd.

III

En el recurso ante nuestra consideración, la señora Martínez Rodríguez realizó dos señalamientos de error

relacionados con el trato que el Tribunal de Primera Instancia le brindó a la anotación de rebeldía dictaminada por el Tribunal de Apelaciones. Entiende que, como ese trato no es conforme a derecho, procedía que revocáramos las determinaciones de los foros inferiores y declaráramos ha lugar la querella sobre despido injustificado. No le asiste la razón.

Como vimos, la controversia amerita analizar detenidamente el mecanismo de la rebeldía, a fin de auscultar si el foro primario podía emitir las órdenes en cuestión o si, por el contrario, son *nulas ab initio*. A diferencia de lo planteado por la señora Martínez Rodríguez, el foro primario sí tenía jurisdicción para emitir las órdenes en controversia. Luego de anotar la rebeldía en un caso al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales, supra, el tribunal debe celebrar las vistas evidenciarias que sean necesarias para que el querellante sustente sus alegaciones y pruebe los daños alegados en la querella. Vizcarrondo Morales v. MVM, Inc., supra, pág. 937. El hecho de que se haya anotado la rebeldía al recurrido no es garantía de una sentencia a favor de la peticionaria. Álamo v. Supermercado Grande, Inc., supra, pág. 102.

Por ello, la señora Martínez Rodríguez debía demostrarle al tribunal que en efecto tenía derecho al remedio solicitado. Así, el proceder del Tribunal de Primera Instancia (*Resolución y orden para la celebración de una*

*vista en rebeldía* y la *Orden con instrucciones para la vista*) no es contrario a la norma vigente, toda vez que nada impide que el tribunal, una vez anotada la rebeldía, solicite a la parte peticionaria que someta la evidencia que sustente su petitorio y comparezca a una vista. El mecanismo provisto para el trámite en rebeldía no priva al tribunal de evaluar si, en virtud de los hechos no controvertidos, existe válidamente una causa de acción que amerite la concesión del remedio reclamado. Íd.

Ante esto, es forzoso concluir que el foro primario satisfizo cabalmente los requerimientos de nuestro ordenamiento jurídico procesal para tramitar casos con anotación de rebeldía. Recordemos que no debemos interferir con las facultades discrecionales de los foros primarios, excepto cuando se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Rivera y otros v. Bco. Popular, 152 DPR 140, 155 (2000). Aquí, tal cual determinaron los foros inferiores, es más que razonable concluir que tras las múltiples oportunidades y notificaciones que por más de cinco meses se le brindaron a la peticionaria, procede desestimar la demanda por su incumplimiento con las órdenes legítimamente brindadas por la corte. La persistencia de la señora Martínez Rodríguez de limitarse a argumentar sobre la anotación de rebeldía, sin cumplir con las instrucciones

brindadas, condujo a que el foro primario emitiera varios apercibimientos y sanciones con el fin de fomentar el cumplimiento de lo legítimamente ordenado. Sobre todo, con 45 días de anticipación se advirtió a la señora Martínez Rodríguez y a su abogado que su reiterada inobservancia podría conllevar la imposición de una sanción económica y, eventualmente, la desestimación del pleito. Aun así y a pesar de las múltiples oportunidades otorgadas, la peticionaria continuó con el patrón de incumplimiento que ella misma reconoce a través de sus señalamientos de error. Este reiterado incumplimiento justifica el proceder del Tribunal de Primera Instancia.

IV

Por los fundamentos antes expuestos, estoy conforme con avalar el dictamen del Tribunal de Apelaciones que ratificó la sentencia que desestimó **sin perjuicio** la querella sobre despido injustificado presentada por la parte peticionaria.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Marilyn Martínez Rodríguez<br><br>Peticionaria<br><br>v.<br><br>Dr. Karl Lang Correa h/n/c<br>Instituto Cardiopulmonar<br><br>Recurrido | CC-2022-0604 | Certiorari |

Opinión disidente emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ, al cual se une el Juez Asociado Señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 22 de noviembre de 2023.

Nos encontramos ante una controversia que nos hubiera provisto la oportunidad ideal para reiterar y aplicar los requerimientos específicos de la Regla 39.2(a) de Procedimiento Civil, infra, y reafirmar un principio cardinal de nuestro ordenamiento jurídico: propiciar que la mayoría de los casos sean dilucidados en sus méritos. Asimismo, debimos haber afirmado que, si bien reconocemos la discreción que poseen los foros recurridos para administrar y manejar los casos ante su consideración, así como el interés válido en fomentar la solución rápida de las controversias, ello no puede dar lugar a la desatención de las disposiciones reglamentarias que salvaguardan el derecho de las personas a que sus reclamos sean escuchados.

Sin embargo, una Mayoría de este Tribunal optó por rehusar tal llamado. Por entender que procedía revocar los dictámenes recurridos, disiento. Con ello en mente, procedo a exponer los fundamentos de mi postura, no sin antes revisitar el desarrollo fáctico del caso.

I

El 11 de febrero de 2019, la Sra. Marilyn Martínez Rodríguez (señora Martínez Rodríguez) presentó una Querella en contra del Dr. Karl Lang Correa, haciendo negocios como el Instituto Cardiopulmonar (doctor Lang Correa), por despido injustificado en su vertiente de despido constructivo bajo el procedimiento sumario codificado en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3120. En esta, indicó que laboró para el doctor Lang Correa como secretaria de facturación por diez (10) años. Alegó que, en el 2014, la administradora de la oficina, la Sra. Rochelis Tapia, comenzó a tratarla hostilmente, lo que le causó efectos físicos y emocionales que la obligaron a renunciar.

El 8 de mayo de 2019, el doctor Lang Correa instó una Contestación a la querella mediante la cual negó el despido constructivo. Acto seguido, la señora Martínez Rodríguez presentó una Solicitud de anotación de rebeldía y para que se dicte sentencia. En esta, señaló que la respuesta del doctor Lang Correa se presentó expirado el término de diez (10) días para ello. El foro de primera instancia denegó tal

solicitud, por lo que la señora Martínez Rodríguez acudió ante el Tribunal de Apelaciones mediante un recurso de certiorari. El foro apelativo intermedio revocó la determinación del foro primario y ordenó la anotación de rebeldía al doctor Lang Correa.

Luego de varios trámites procesales, incluyendo una disputa sobre el derecho del doctor Lang Correa a solicitar descubrimiento de prueba, una petición de desestimación por parte de este y una solicitud de la señora Martínez Rodríguez a los fines de que se anotara oficialmente la rebeldía, el 4 de noviembre de 2020, el Tribunal de Instancia emitió una Resolución y orden. Mediante esta, ordenó la celebración de una vista en rebeldía para que la señora Martínez Rodríguez presentara su prueba sobre las alegaciones.

Después de que la vista fuera transferida en varias ocasiones, el Tribunal de Primera Instancia pautó la celebración de la vista de forma presencial para el 16 de febrero de 2022. Mediante una Orden del 23 de diciembre de 2021, el foro primario proveyó las instrucciones para la vista, entre las cuales se encontraba la presentación de la prueba documental a través del sistema SUMAC.

El 4 de febrero de 2022, el doctor Lang Correa presentó una Moción en cumplimiento de orden y otros extremos en la cual informó la prueba de refutación que ofrecería. Además, indicó que la señora Martínez Rodríguez aún no había remitido la suya.

En respuesta, la señora Martínez Rodríguez presentó una Moción sobre nulidad de órdenes para admitir prueba documental del querellado. En síntesis, objetó que el foro primario uniera al expediente la prueba documental presentada por el doctor Lang Correa a pesar de que este estaba en rebeldía. En esta misma fecha, la señora Martínez Rodríguez también presentó una Moción para que se determinen los hechos correctamente alegados en la querella. El doctor Lang Correa se opuso a ambas solicitudes.

Tras recalendarizar la vista, el 19 de abril de 2022, el foro primario emitió una Orden en la cual se reiteró en su determinación de celebrar una vista e indicó que aquilataría la prueba del doctor Lang Correa para evaluar si era de impugnación. Además, concedió a la señora Martínez Rodríguez treinta (30) días para informar la prueba que utilizaría para probar sus alegaciones so pena de una sanción económica de $300.00 a su representación legal. A esto añadió que, de ser impuesta tal sanción, se concedería un término fatal de quince (15) días para cumplir con lo requerido o, de lo contrario, procedería a desestimar el caso.[1]

El 19 de mayo de 2022, la señora Martínez Rodríguez presentó una Solicitud de breve término. En esta comparecencia, su representante legal informó que, en octubre de 2021, perdió a su hijo de un infarto y que, a consecuencia de ello, no se había reintegrado a sus labores

---

[1]Apéndice de Petición de certiorari, págs. 138-139.

hasta el próximo mes de enero. A esto añadió que había tenido que asumir la carga laboral de una compañera abogada que había sufrido un derrame cerebral en diciembre de 2021. Por consiguiente, solicitó un término de diez (10) días para presentar la prueba documental que usaría en la vista de rebeldía.

Sin embargo, al día siguiente, el Tribunal de Primera Instancia declaró la solicitud no ha lugar y le impuso a la representación legal de la señora Martínez Rodríguez una sanción económica de $300.00.

Acto seguido, 18 de junio de 2022, el foro de primera instancia emitió una Sentencia en la que desestimó sin perjuicio la reclamación.

En desacuerdo, la señora Martínez Rodríguez presentó una Apelación ante el Tribunal de Apelaciones. En esta, argumentó que el foro primario carecía de autoridad para emitir órdenes que permitieran al doctor Lang Correa presentar prueba y conocer con meses de anticipación la prueba documental y testifical que esta presentaría a su favor. Esto, en particular, sin una determinación previa sobre cuáles de las alegaciones de la Querella se daban por admitidas y cuáles requerían prueba. Alegó que ello subvirtió la anotación de rebeldía e insistió en que procedía declarar con lugar su reclamo sin trámite ulterior.

Por otra parte, en su Alegato del apelado, el doctor Lang Correa sostuvo que las órdenes sobre el manejo del caso

se encontraban dentro del marco discrecional del foro de primera instancia y que la señora Martínez Rodríguez nunca se opuso a estas o solicitó su revisión. Rechazó que se admitiera prueba alguna, pues solo se había sometido al expediente por orden del Tribunal y se trataba de prueba de impugnación.

El 18 de agosto de 2022, el Tribunal de Apelaciones confirmó el dictamen recurrido mediante una Sentencia. En esta, determinó que el foro de primera instancia había concedido a las partes las oportunidades para cumplir con la orden de presentar la prueba documental. Así las cosas, concluyó que el Tribunal de Primera Instancia actuó razonablemente, pues tiene la facultad de solicitar que la parte querellante pruebe su causa de acción aun si la otra parte está en rebeldía.[2]

Todavía inconforme, la señora Martínez Rodríguez acudió ante este Tribunal a través de una Petición de certiorari y reiteró que la desestimación fue antijurídica por

---

[2]El Juez Salgado Schwartz emitió un voto disidente en el cual sostuvo que la anotación de rebeldía en el procedimiento sumario laboral conlleva la renuncia por parte del patrono de cualquier defensa y que ello, en conjunto con la presunción de que el despido fue injustificado, obligaba a concluir que era innecesaria la presentación de prueba. Por consiguiente, concluyó que no quedaba más remedio que dictar una sentencia a favor de la empleada fundamentada en los hechos bien alegados de la querella. Además, señaló que, ya habiendo previamente indicado que la sanción por no presentar la prueba sería que esta no podría usarse en la vista, el Tribunal de Primera Instancia abusó de su discreción al añadir la desestimación del caso como sanción por incumplimiento.

fundamentarse en el incumplimiento con órdenes que contravenían la anotación de rebeldía. Reafirmó que, ante una anotación de rebeldía, el Tribunal de Primera Instancia solo podía determinar cuáles alegaciones se daban por admitidas y establecer las que requerían prueba de corroboración, no permitirle la oportunidad al doctor Lang Correa para defenderse o presentar prueba.

En su Alegato de la parte recurrida, el doctor Lang Correa señaló que el Tribunal de Primera Instancia concedió oportunidades para que la señora Martínez Rodríguez cumpliera con las órdenes. Sostuvo que el foro primario tiene autoridad para dirigir el manejo del caso y que, contrario a lo que argumenta la señora Martínez Rodriguez, una parte en rebeldía no está despojada de derechos, pues puede contrainterrogar y presentar prueba de impugnación.

A pesar de la claridad con la que surge el error del Tribunal de Primera Instancia, una Mayoría de este Tribunal refrenda tal determinación bajo los fundamentos siguientes: (1) que el foro primario tiene la facultad para emitir órdenes dirigidas a celebrar una vista en rebeldía y, (2) que la señora Martínez Rodríguez desatendió tales órdenes a pesar de que fue apercibida de las consecuencias. Disiento de este razonamiento por entender que esta controversia debía resolverse bajo otros fundamentos en protección de la justicia. Toda vez que así no se hizo, expongo a continuación el Derecho aplicable que orienta mi postura.

## II

Como se sabe, la Regla 39.2(a) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 39.2(a), faculta a los tribunales a desestimar causas de acción cuando una de las partes incumple con sus órdenes. En lo que nos concierne, tal disposición establece que:

> (a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.
>
> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. Íd.

Desde Mun. de Arecibo v. Almac. Yakima, 154 DPR 217 (2001), este Tribunal ha enfatizado que, ante un escenario de desatención al caso o las órdenes del foro judicial, deben primero imponerse sanciones a la representación legal de la

parte y, en caso de que ello no surta efecto positivo, entonces debe notificarse de la situación a la parte directamente para cerciorarse de que esta ha sido debidamente informada del incumplimiento y de las consecuencias de no tomar alguna acción correctiva al respecto. Nótese que es cuando la parte ya notificada continúa incumpliendo con las órdenes o no toma acción alguna que entonces los foros judiciales pueden imponer como sanción la desestimación de la causa de acción.

Es decir, la Regla 39.2(a) de Procedimiento Civil, supra, dispone que, previo a eliminar las alegaciones o a desestimar una causa de acción, el tribunal tiene que notificar directamente a la parte del incumplimiento de su representación legal. Esto, con la intención específica de que la parte conozca propiamente del incumplimiento previo a que el tribunal imponga una sanción tan drástica y, así, se salvaguarde su derecho a que su caso se dilucide en sus méritos. Lo anterior, en reconocimiento de que, en la mayoría de los casos, las partes no están al tanto de los pormenores procesales de su causa de acción. HRS Erase, Inc. v. Centro Médico del Turabo, Inc., 205 DPR 689 (2020).

La importancia del apercibimiento a la parte antes de recurrir a la desestimación no puede ser subestimada. Es por ello que sanciones de esta naturaleza no deben utilizarse livianamente, pues "[l]a desestimación de un pleito sin ir a sus méritos como un medio de sanción, debe ser de los últimos

recursos a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento". Ramírez de Arellano v. Srio. de Hacienda, 85 DPR 823, 829-830 (1962). Esto, en reconocimiento de que la desestimación de un pleito choca con la política pública imperante en nuestro ordenamiento que favorece que los casos se ventilen en sus méritos. HRS Erase, Inc. v. Centro Médico del Turabo, Inc., supra, pág. 701.

Expuesto el Derecho pertinente, procedemos a discutir su aplicación a esta controversia.

### III

En su recurso ante este Foro, la señora Martínez Rodríguez sostiene que el Tribunal de Primera Instancia desvirtuó el carácter de la anotación de rebeldía en el procedimiento sumario laboral al solicitar la presentación de prueba a ambas partes en vez de dictar sentencia a su favor o establecer las alegaciones que requerían ser probadas. Insiste en que tales órdenes eran nulas por lo que el foro primario abusó de su discreción al desestimar su causa de acción.

Por su parte, el doctor Lang Correa señala que la desestimación del caso se debió a los incumplimientos reiterados de la señora Martínez Rodríguez con las órdenes que establecían el manejo del caso. Niega que estas desafiaran los límites de la anotación de rebeldía, pues el foro de

primera instancia rechazó su petición de descubrimiento de prueba e indicó que su prueba documental sería evaluada para identificar si era de impugnación y, por tanto, permisible.

La postura de una Mayoría de los miembros de este Foro es que las determinaciones recurridas se sostienen debido a, primero, la autoridad del Tribunal de Primera Instancia para exigir prueba en un procedimiento en rebeldía y, segundo, el historial de desatención a sus órdenes que exhibió la señora Martínez Rodríguez. Como adelanté, es mi entender que procedía revocar los dictámenes de los foros recurridos, no solo porque la señora Martínez Rodríguez no fue advertida conforme a Derecho de las consecuencias del incumplimiento con las órdenes del tribunal, sino también porque las circunstancias específicas del caso justificaban la concesión de un plazo adicional para el cumplimiento según fue solicitado. Me explico.

Conforme se relató, después de que el Tribunal de Apelaciones ordenara la anotación de rebeldía al doctor Lang Correa, las partes comenzaron a presentar diversas mociones ante el Tribunal de Primera Instancia con respecto al descubrimiento de prueba y la celebración de una vista. El 30 de octubre de 2020, el foro de primera instancia emitió una Resolución y orden en la cual determinó que era necesaria la celebración de una vista en rebeldía con el fin de que la señora Martínez Rodríguez probara sus alegaciones.

Así las cosas, a través de una <u>Orden</u> con fecha del 22 de diciembre de 2021, el foro primario designó el 1 de febrero de 2022 como la fecha límite para que las partes presentaran en SUMAC su evidencia documental o de lo contrario "la misma no será tomada en consideración por el Tribunal".[3]

Por su parte, el doctor Lang Correa informó de la presentación de prueba que identificó como de impugnación. De otro lado, la representación legal de la señora Martínez Rodríguez presentó ciertas mociones en las que alegó la nulidad de las órdenes que permitieron la prueba documental del doctor Lang Correa y solicitó que se determinaran los hechos que se daban por admitidos.

El 19 de abril de 2022, el foro primario emitió una <u>Orden</u>. En esta, además de señalar que el tribunal tiene la discreción para exigir evidencia y la celebración de una vista aun cuando una parte esté en rebeldía, consignó lo siguiente:

> [E]n primer lugar, se le concede a la parte querellante un término no mayor de 30 días de notificada esta orden, para cumplir a cabalidad la orden emitida el 22 de diciembre de 2021. De incumplir la querellante con esta orden, el tribunal le impondrá una sanción económica de $300.00 a la representación legal de la parte querellante, y se le concederá un término fatal adicional de 15 días contados a partir de la fecha del primer incumplimiento para que la querellante cumpla con la orden. De infringir o incumplir la querellante con este segundo término, el tribunal procederá a desestimar el presente caso.[4]

---

[3] Apéndice de <u>Petición de certiorari</u>, pág. 114.

[4] Íd., págs. 138-139.

En consecuencia, el foro de primera instancia mandató que la Orden antes citada fuera notificada a todas las partes y sus representantes legales.[5]

Ahora bien, el 19 de mayo de 2022, la señora Martínez Rodríguez presentó una Solicitud de breve término. Según se indicó anteriormente, su representación legal, el Lcdo. Carlos Mondríguez Torres, informó que había perdido a su hijo inesperadamente el 14 de octubre de 2021 y que se mantuvo alejado de sus responsabilidades profesionales por varios meses. A esto añadió que su compañera de empleo, la Lcda. Maragenlí Acevedo Castro, había sufrido un derrame cerebral en diciembre de 2021 y aún no había sido dada de alta, por lo que tuvo que asumir parte de sus casos. Por consiguiente, solicitó un término de diez (10) días para presentar la prueba documental e indicó que tal petición se efectuó sin intención alguna de dilatar los procedimientos, sino que era el resultado de circunstancias fuera de su control.[6]

A pesar de que las razones que fundamentaron la solicitud de término adicional claramente justificaban la extensión del término requerida, el 20 de mayo de 2022, el Tribunal de Primera Instancia emitió una Orden en la cual denegó la solicitud de un término adicional. Además, indicó que: "[s]e imponen $300.00 de sanciones a la representación legal de la

_____

[5] Íd., pág. 142.

[6] Apéndice de Petición de certiorari, págs. 143-144.

parte querellante a ser pagada en el término de 10 días a nombre del secretario del tribunal".[7] **Es importante destacar que esta orden fue notificada <u>únicamente</u> a los representantes legales de las partes y nada dispone sobre el comienzo de un segundo término fatal.**

Así las cosas, el 8 de junio de 2022, el Tribunal de Primera Instancia emitió la <u>Sentencia</u> que hoy es objeto de revisión. Mediante esta, desestimó el caso bajo la Regla 39.2(a) de Procedimiento Civil, <u>supra</u>, por incumplimiento con las órdenes del Tribunal.

Conforme se indicó, la regla antes citada confiere a los tribunales la facultad para penalizar a las partes por la desatención al caso o las instrucciones del foro judicial. Sin embargo, con el fin de promover al extremo que sea posible que todos los casos se vean en sus méritos, tal disposición provee un sistema escalonado de sanciones y notificaciones para garantizar que la parte esté al tanto de los actos u omisiones de su representación legal previo a recurrir, como última instancia, a la desestimación del caso. **En ese sentido, la notificación directa a la parte del incumplimiento de su representación legal con la orden del Tribunal y la advertencia del peligro inminente que corre su reclamación de ser desestimada constituye el paso más integral de la disposición.**

---

[7] Íd., pág. 145.

Aquí, el Tribunal de Primera Instancia inicialmente determinó que el incumplimiento con la Orden conllevaría que la prueba documental no presentada a tiempo no podría ser presentada durante la vista en rebeldía. Posteriormente, advirtió que el incumplimiento con la instrucción de presentar la prueba estaría sujeto a las sanciones de la disposición reglamentaria antes citada. Ciertamente, tal Orden fue notificada tanto a la representación legal como a las partes. No obstante, no puedo concluir que se cumplieron los pasos estrictos que requiere la Regla 39.2(a) de Procedimiento Civil, supra, de forma preventiva antes de que ocurriera incumplimiento alguno o existiera el peligro real de que la señora Martínez Rodríguez perdiera su reclamación.

Entiéndase, el texto reglamentario exige específicamente que la parte, en este caso la señora Martínez Rodríguez, fuese alertada del incumplimiento de su representación legal y de las consecuencias de no corregir la situación dentro de un término de treinta (30) días. Aun tomando la Orden del 19 de abril de 2022 como la advertencia a la representación legal de la parte peticionaria, esta no puede funcionar como la debida notificación y advertencia directa a la parte porque el incumplimiento de su representación legal aún no había tomado lugar y, por ende, su caso no estaba en peligro de ser desestimado como consecuencia de incumplimiento alguno.

Lo que es más, la Orden que consignó la denegación de la solicitud de un término adicional y la imposición de la

sanción económica a la representación legal de la señora Martínez Rodríguez, en primer lugar, solo fue notificada a los respectivos abogados de las partes. En segundo lugar, esta ciertamente en nada cumple con: (1) apercibir a la parte del incumplimiento de su representación legal con las órdenes del Tribunal, (2) informarle de las consecuencias de no corregir la situación y (3) concederle un término para ello. Es decir, el Tribunal de Primera Instancia incumplió con tal paso cuando la desestimación era inminente y no meramente un escenario hipotético consignado en una orden emitida con meses de anterioridad. A esto se añade que, en ningún momento, se justificó la necesidad de acortar este segundo término a quince (15) días a pesar de que la regla consigna que tal concesión será de treinta (30) días, salvo que el caso lo amerite.

Por lo tanto, era evidente que, a la luz del tracto procesal que nos ocupa, no se podía concluir que se hubieran completado los pasos que requiere la Regla 39.2(a) de Procedimiento Civil, _supra_. Esto, pues, aceptar tal práctica desafiaría el propósito específico de la disposición reglamentaria: garantizar el debido proceso de ley y concederle a la parte la oportunidad de salvar su caso ante las omisiones de su representación legal, la cual, de ordinario, no es de su conocimiento.

Lo ocurrido después de la denegación de la solicitud de término adicional —la cual, de nuevo, debió concederse debido

a las circunstancias de peso en las que se fundamentó-, hacía imposible determinar que la señora Martínez Rodríguez tuvo una oportunidad real de corregir la situación antes de la desestimación del caso. Por consiguiente, ante la falta de cumplimiento cabal con las exigencias procesales de la Regla 39.2(a) de Procedimiento Civil, supra, no procedía validar la desestimación de esta causa de acción.

Toda vez que una mayoría de mis compañeros de estrado arribaron a una conclusión distinta, a mi juicio, sustentada en una interpretación sumamente somera del requerimiento de advertencia a la parte, me veo obligado a hacer constar mi oposición a la confirmación de los dictámenes recurridos.

**IV**

Por los fundamentos antes expresados, hubiera revocado los dictámenes recurridos y, en consecuencia, hubiera devuelto el caso al Tribunal de Primera Instancia para la continuación de los procedimientos. Por ello no ocurrir, disiento.

Luis F. Estrella Martínez
Juez Asociado