| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| PEDRO JAIME SÁNCHEZ RODRÍGUEZ<br><br>Peticionario<br><br>v.<br><br>KARLA OMMY MORALES AYALA;<br>MARIANO CAMACHO ROJAS<br><br>Recurridos | KLCE202401318 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.:<br>CZ2023CV00146<br><br>Sobre:<br>Liquidación de Comunidad de Bienes; Sentencia Declaratoria |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2025.

El 6 de diciembre de 2024, el Sr. Pedro Jaime Sánchez Rodríguez (en adelante el señor Sánchez o el peticionario) compareció ante este Tribunal de Apelaciones mediante recurso de *certiorari* y nos solicitó la revocación de la *Resolución* emitida y notificada en el caso el 8 de noviembre de 2024. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI) dejó sin efecto la anotación de rebeldía decretada contra la Sra. Karla Ommy Morales Ayala (en adelante señora Morales o la recurrida).[1]

Estudiado el legajo apelativo, en consideración al derecho aplicable que más adelante exponemos, **denegamos** expedir el auto de *certiorari* solicitado.

**-I-**

---

[1] En cuanto a esta *Resolución*, oportunamente el peticionario instó una reconsideración. Esta fue denegada mediante dictamen emitido el 23 de noviembre del año en curso y notificada el día 25 del mismo mes y año.

Número Identificador

RES2025 _____

El caso de epígrafe comenzó cuando el peticionario sometió una *Demanda* para que se dividiera la comunidad de bienes existente entre él y la recurrida. También, se solicitó sentencia declaratoria contra el Sr. Mariano Camacho Rojas, quien se alegó es el tenedor de un pagaré hipotecario y se niega a cancelarlo, pese a que la obligación está salda.[2]

En cuanto a la controversia ante nuestra consideración, es importante establecer que el 12 de septiembre de 2024, el peticionario sometió en el caso una *Moción Solicitando Eliminación de Alegaciones y Anotación de Rebeldía por Incumplimiento con Orden Judicial Relacionada al Descubrimiento de Prueba.* En este escrito, el señor Sánchez señaló que el 11 de junio del 2024, el tribunal emitió una orden relacionada con el descubrimiento de prueba en la que, entre otras cosas, expresó que todo documento juramentado fuera del Estado Libre Asociado de Puerto Rico para que sea válido requiere la postilla del Estado en que la persona a prestar juramento está domiciliada. Allí, también le concedió 10 días a la recurrida para acreditar que contestó el interrogatorio que le fue cursado en el caso y que el mismo estaba juramentado.

Según el peticionario expuso en su escrito, el interrogatorio que le fuera cursado a la recurrida en febrero de 2024 no se dio por contestado, pues dicha contestación era contraria a derecho. Específicamente, señaló que en la contestación sometida la firma de la señora Morales debía estar legalizada por la autoridad concerniente del estado del Notario, que el tribunal ante mociones sometidas por él le ordenó a la recurrida a cumplir con dicho requisito y que, pese a lo ordenado, esta no lo ha hecho. Así pues, tras señalar que el descubrimiento de prueba en el caso había concluido y hacer referencia a varias órdenes dictadas en cuanto al tema, reclamó que ante el incumplimiento de la señora Morales procedía anotarle la rebeldía

---

[2] El 12 de enero de 2024, el TPI dictó *Sentencia Parcial* mediante la cual desestimó con perjuicio la causa de acción instada contra el Sr. Mariano Camacho Roja. Véase Entrada Núm. 44 en SUMAC; páginas 9 y 10 del Apéndice.

y dictar sentencia en rebeldía en su contra y conceder lo peticionado en la *Demanda.*

El 12 de septiembre de 2024, el TPI emitió una *Orden* en la que atendió la petición del peticionario. Allí, resolvió lo siguiente:

> A la "Moción Solicitando Eliminación de [Alegaciones] y Anotación de Rebeldía por Incumplimiento con Orden [Judicial] Relacionada a Descubrimiento de Prueba ya Concluido (Entrada #81) de la parte demandante resolvemos **NO Ha Lugar en esta etapa de los procesos**. (Énfasis en el original)

> Ante el incumplimiento de la parte demandada con la Orden dictada el 10 de junio de 2024 (Entrada #75) se le impone $100.00 en sanciones. Se le concede 30 días perentorios para cumplir con dicha orden bajo apercibimiento de eliminación de alegaciones y anotación de rebeldía de conformidad con la Regla 39.2(a) de Procedimiento Civil.

> Dentro del mismo término las partes deberán informar si las deposiciones calendarizadas se tomaron.

El 16 de octubre de 2024, el peticionario sometió *Moción en Solicitud de Pronunciamiento* en la que señaló que los plazos concedidos a la recurrida en la orden arriba mencionada habían transcurrido sin que se diera cumplimiento a lo ordenado. Ante ello, solicitó pronunciamiento por parte del tribunal en cuanto a la solicitud de anotación de rebeldía presentada previamente en el caso, la cual incorporó en toda su extensión a dicho escrito. En respuesta, el 23 de octubre de 2024, el TPI dictó la siguiente *Resolución Interlocutoria*: "Ante el incumplimiento reiterado de la parte demandada con las órdenes de este Tribunal se acoge la solicitud de la demandante[,] se le anota la rebeldía a la demandada y se le eliminan las alegaciones. Demandante tenga 15 días para solicitar remedios y detallar asuntos pendientes."

Al día siguiente, la recurrida presentó una *Moción en Reconsideración a Resolución*. En esta, expuso que la solicitud de rebeldía del peticionario descansaba en que la contestación al interrogatorio que se le ha sometido ya en 2 ocasiones debe ir acompañado de "apostilla". Igualmente, se informó que se intentó dar cumplimiento a la orden y obtener dicha apostilla, pero que en el local donde se notarizó la juramentación a la

contestación a interrogatorio le informaron que en el estado de Massachussets donde reside no hacen ese tipo de documento. En virtud de ello, y dado que el asunto en controversia envolvía una propiedad inmueble, la señora Morales afirmó que aplicar como sanción la rebeldía y sus consecuencias, trastocaría y soslayaría su derecho fundamental al disfrute de su propiedad recogido en nuestra Constitución. Añadió que el defecto a la juramentación de la contestación a interrogatorio señalado por el peticionario era uno de forma y no sustancial y que el mismo puede ser subsanado mediante su deposición y que la misma no se ha podido llevar a cabo porque el señor Sánchez no informa fecha. Ese mismo día el peticionario se opuso a la reconsideración solicitada.[3]

Atendidos estos escritos, el 8 de noviembre de 2024, el TPI acogió la reconsideración sometida por la recurrida, le impuso $50.00 en sanciones por cumplimiento tardío y apercibió a las partes a que en adelante se atengan a los términos que fije en el caso, así como aquellas de las Reglas de Procedimiento Civil. Inconforme con esta decisión, el 12 de noviembre de 2024, el peticionario presentó *Reconsideración a Resolución Interlocutoria*. Esta fue declarada No Ha Lugar mediante dictamen del 23 de noviembre de 2024.

En desacuerdo aún, el peticionario instó el recurso de epígrafe y como único señalamiento de error adujo que el foro primario abusó de su discreción al negarse a reinstalar o anotar la rebeldía a la recurrida en violación a la Regla 45.1 de Procedimiento Civil. Ello, luego de acoger una reconsideración tardía y sin que existiera justa causa que le facultara a ejercer tal discreción. Atendido el recurso, el 9 de diciembre de 2024, emitimos *Resolución* en la cual establecimos que la recurrida debía presentar su posición en o antes del 18 de diciembre del 2024. Ese día, sometió su *Oposición a Expedición de Recuso de Certiorari*.

---

[3] (Entrada Núm. 86) Páginas 52-54 del Apéndice.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de certiorari descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular vs. Gómez Alayón, 2023 TSPR 145, 213 ___ y casos allí citados. Empero, el ejercicio de la discreción concedida no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho. *Íd*. Esta, no opera en un vacío y tampoco puede ser en "función del antojo o voluntad de uno, sin tasa ni limitación alguna". *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, **en casos de**

**anotaciones de rebeldía**, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.* (Énfasis nuestro).

*B.*

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, lee de la siguiente manera:

Regla 45.1. Anotación

Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.

El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Del lenguaje antes transcrito apreciamos que la reproducida regla permite la anotación de rebeldía por incomparecencia o a modo de sanción, de acuerdo con la Regla 34.3(b)(3) de Procedimiento Civil. Así, este mecanismo se utiliza como disuasivo para los que usan la dilación como estrategia de litigación. Martínez Rodríguez v. Lang Correa, 2023 TSPR 137, 213 DPR ____, al citar a González Pagán v. Moret Guevara, 202 DPR 1062 (2019) y Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 587 (2011).

Una vez se declara a una parte en rebeldía, "se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde y se autoría al tribunal para que se dicte sentencia, si esta procede como cuestión de derecho. Mitsubishi Motor v. Lunor, Inc., 212 DPR 807 (2023) y casos allí citados. No obstante, aunque ha sido resuelto que una parte en rebeldía no podrá presentar prueba para

controvertir las alegaciones, ni esbozar defensas afirmativas, dicho mecanismo no pretende que se obtenga una sentencia sin la celebración de un juicio. Martínez Rodríguez v. Lang Correa, *supra.* El tribunal debe celebrar las vistas que sean necesarias para tomar una determinación al respecto ya que la anotación de rebeldía no constituye una garantía de que se dictará, sin más, una sentencia a favor del querellante. *Íd.*

Pese a lo antes anunciado, los tribunales pueden por justa causa, luego de haber anotado la rebeldía, dejar sin efecto tal anotación. También, podrán, de acuerdo con la Regla 49.2 de Procedimiento Civil, dejar sin efecto una sentencia cuando hayan dictado sentencia en rebeldía.[4] Esta facultad para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, *supra,* está enmarcada en la existencia de justa causa a la luz de los parámetros expuestos por el Tribunal Supremo de Puerto Rico en Neptune Packing Corp. v. Wackenhut Corp., 120 DPR 283 (1988). No obstante, tal regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. Rivera Figueroa v. Joe's European Shop, *supra*, págs. 591-592.

-III-

Como arriba enunciamos, el peticionario aduce que el foro primario incurrió en abuso de discreción al levantar la rebeldía que había anotado a la recurrida por incumplimiento con algunas de sus órdenes. Ello pues, la señora Morales no sometió una certificación del Estado de Massachusetts que acreditara la veracidad de la excusa que brindó para no producir un documento con apostillas. A su vez, reclama que la reconsideración que sometió la recurrida para obtener el levantamiento de la rebeldía fue sometida a destiempo y que por ello el tribunal estaba impedido de acogerla.

---

[4] Véase, Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 45.3.

Por su parte, la recurrida, afirma que el defecto alegado sobre su contestación al interrogatorio era uno de forma y no de sustancia y que este, según añade, fue subsanado. También, destaca que la controversia en el caso trataba sobre la liquidación de un bien inmueble. Por ello, plantea que conceder la petición de anotación de rebeldía del peticionario trastocaría su derecho constitucional a un debido proceso de ley, así como el disfrute de su propiedad.

Es menester destacar que recurriéndose de una decisión interlocutoria que trata sobre la negativa del foro primario de reinstalar o nuevamente anotar la rebeldía a la recurrida, estamos ante una de las instancias en las que, por vía de excepción, podemos expedir el auto del *certiorari*. Véase, Regla 52.1 de Procedimiento Civil, *supra*. No obstante, a la luz del derecho aplicable antes citado y evaluado el recurso al crisol de los criterios que la Regla 40 de nuestro Reglamento establece para determinar la expedición del auto discrecional del *certiorari*,[5] según adelantamos, resolvemos denegarlo. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del TPI, que la expedición del auto evite el fracaso a la justicia, o cualquiera de los otros elementos mencionados por dicha Regla. Al ser ello así, merece nuestro respeto.

IV.

Por todo lo antes consignado, **denegamos** expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] 4 LPRA Ap. XXII-B, R. 40.