Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO PLAYA AZUL II REPRESENTADO POR SU JUNTA DE DIRECTORES<br><br>Apelado<br><br>v.<br><br>GONZÁLEZ EQUIPOS, INC.<br><br>Apelante | KLCE202301086 | *Certiorari* acogido como Apelación procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Sobre:<br>Cobro de Dinero; Incumplimiento de Contrato<br><br>Caso Núm.:<br>CA2023CV00878 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de enero de 2024.

La parte apelante, González Equipos, Inc., comparece ante nos para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de Carolina, el 1 de agosto de 2023. Mediante el referido dictamen, el foro primario le anotó la rebeldía a la parte apelante, y declaró con lugar una acción en cobro de dinero instada por la parte apelada, el Consejo de Titulares del Condominio Playa Azul II.

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

**I.**

El 22 de marzo de 2023, la parte apelada presentó una *Demanda* sobre cobro de dinero e incumplimiento de contrato en contra del apelante. En el pliego, alegó que suscribió un contrato de obra con González Equipos el 31 de agosto de 2012, posteriormente enmendado el 28 de febrero de 2013. Detalló que al realizar los pagos por los servicios rendidos bajo el referido contrato se

Número Identificador

SEN2024_____

efectuaron pagos duplicados. El Consejo de Titulares aseveró que le remitió una comunicación extrajudicial al apelante el 10 de enero de 2022, en la cual le solicitó el rembolso de los mencionados pagos. No obstante, indicó que, a la fecha de la radicación de la demanda, González Equipos no había respondido a la referida comunicación, ni devuelto el dinero. En virtud de lo anterior, le solicitó al tribunal que condenara al apelante a pagar la suma retenida, la cual, presuntamente, ascendía a treinta mil doscientos siete dólares con cuarenta y ocho centavos ($30,207.48), más el pago de los intereses acumulados desde que se le requirió por primera vez la devolución del dinero. A su vez, peticionó que se le compensara por las costas y los gastos del procedimiento, y se le otorgara una suma por concepto de honorarios de abogado.

El 3 de mayo de 2023, la parte apelada le notificó al foro primario que había diligenciado el emplazamiento a González Equipos el 27 de abril de 2023, mediante entrega personal.

Transcurrido el término para que el apelante presentara su alegación responsiva, el 2 de junio de 2023, el Consejo de Titulares presentó una solicitud mediante la cual peticionó que se le anotara la rebeldía a la parte apelante y se dictara sentencia conforme a las alegaciones de la demanda. En el escrito, especificó que el término de treinta (30) días provisto por las Reglas de Procedimiento Civil para la contestación a la demanda había expirado sin que hubiese comparecido ante el tribunal. Además, planteó que, por la demanda versar sobre una reclamación en cobro de dinero de una suma líquida, conforme la Regla 45. 2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 45.2, procedía dictar sentencia en rebeldía.

En respuesta, el 6 de junio de 2023, el apelante compareció ante el tribunal de instancia mediante una *Moción Anunciando Representación Legal*. En la misma, le solicitó al tribunal una

prórroga de treinta (30) días para presentar su contestación a la demanda.

Evaluadas ambas posturas, el 11 de junio de 2023, notificada el 14 del mismo mes y año, el foro de primera instancia emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de anotación de rebeldía. Ese mismo día, el referido foro emitió una *Orden* concediéndole al apelante hasta el 5 de julio de 2023 para contestar la demanda.

Luego de aproximadamente un mes de haber vencido el referido término, el 1 de agosto de 2023, la parte apelada solicitó nuevamente que se le anotara la rebeldía al apelante y se dictara sentencia a su favor. En el escrito, puntualizó que la parte apelante no había presentado su contestación a la demanda, ni se había expresado en cumplimiento a la orden previamente dictada por el foro primario. Así, peticionó que se dictara sentencia en rebeldía, conforme a las alegaciones de la demanda.

Ese mismo día, luego de evaluado el petitorio de la parte apelada, el foro primario emitió la *Sentencia* apelada. Mediante el aludido dictamen, le anotó la rebeldía a González Equipos y dio por admitidos todos los hechos que se relataron en la demanda. En virtud de ello, condenó al apelante a pagarle al Consejo de Titulares la suma de a treinta mil doscientos siete dólares con cuarenta y ocho centavos ($30,207.48), más los intereses legales desde el 10 de enero de 2022 hasta el pago de la totalidad de la deuda.

Inconforme, el 14 de agosto de 2023, el apelante solicitó *Reconsideración de Sentencia y Anotación de Rebeldía.* Esencialmente, alegó que su representante legal estuvo fuera de sus labores por asuntos médicos que se le presentaron de imprevisto, y que, por error e inadvertencia, la alegación responsiva quedó

pendiente de presentación.[1] Además, arguyó que en virtud de las Reglas 45.3 y 49.2 de Procedimiento Civil el tribunal podía por causas justificadas dejar sin efecto una anotación de rebeldía y relevar a una parte de una sentencia dictada en rebeldía. Al amparo de lo expuesto, le solicitó al foro primario que dejara sin efecto la anotación de rebeldía, y que permitiera la contestación a la demanda, la cual, se presentaría ese mismo día.

En respuesta a la petición, ese mismo día, el tribunal de instancia emitió una *Orden,* notificada al siguiente día. Mediante esta, indicó que procedería a atender el reclamo de la parte apelante, una vez la parte apelada se expresara en cuanto a la solicitud de reconsideración. Así, mediante una orden notificada en igual fecha, le concedió a la parte apelada quince (15) días para incoar su posición.

En cumplimiento con lo ordenado por el tribunal, el 30 de agosto de 2023, el Consejo de Titulares presentó oposición a la reconsideración. Arguyó que, para que el tribunal pudiese relevar a González Equipos de la anotación de rebeldía, debía existir una causa justificada. Enfatizó que en el presente caso el apelante, para justificar no haber presentado su alegación responsiva, se limitó a indicar que su representante legal tuvo un imprevisto médico, y no incluyó ningún dato o documento adicional que permitiera al tribunal determinar si tales circunstancias eran ciertas. A su vez, aseveró que los criterios que el tribunal debía considerar para determinar si procedía dejar sin efecto la anotación de rebeldía eran similares a los utilizados para evaluar la procedencia de una moción de relevo de sentencia en virtud de la Regla 49.2 de Procedimiento Civil. Así, pues, arguyó que el tribunal debía de tomar en cuenta si el apelante tenía una buena defensa en sus méritos.[2] En vista de

---

[1] Apéndice IX del recurso, pág. 19.
[2] Apéndice XI del recurso, pág. 27.

ello, resaltó que González Equipos había guardado silencio en su escrito en cuanto a sus defensas. Al amparo de lo expuesto, la parte apelada le solicitó al tribunal que declarara sin lugar la solicitud de reconsideración.

Examinadas las posturas de las partes, el 31 de agosto de 2023, el foro primario emitió una *Resolución* en la cual declaró *No Ha Lugar* la solicitud de reconsideración instada por el apelante.

Aún en desacuerdo, el 2 de octubre de 2023, González Equipos compareció ante nos mediante un recurso de *Certiorari.* En el mismo formuló el siguiente planteamiento:

> Erró el Honorable Tribunal de Primera Instancia [al] declarar "No Ha Lugar" la solicitud de reconsideración y anotación de rebeldía contra la parte demandada toda vez que existían causas justificadas y controversias entre las partes que ameritaban ver el caso en sus méritos.

Tras examinar el recurso, el 3 de octubre de 2023, emitimos una *Resolución* en la cual acogimos el mismo como una apelación por recurrir de una *Sentencia* emitida por el tribunal de instancia.

Luego de examinar el expediente que nos ocupa, y contando con la postura de la parte apelada, procedemos a expresarnos

**II.**

Cónsono con lo estatuido en la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, procede una anotación de rebeldía cuando una parte contra la cual se ha solicitado una sentencia que conceda algún remedio afirmativo, deje de presentar la correspondiente alegación o de defenderse en otra forma. *Martínez Rodríguez v. Lang Correa*, 2023 TSPR 137, 213 DPR ___ (2023). En nuestro sistema de ley, la rebeldía se concibe como la posición procesal que asume aquella parte que, tras ser requerido judicialmente, opta por no ejercitar su derecho a defenderse. R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal*

*Civil,* Lexis Nexis de Puerto Rico, Inc., 6ta Edición, 2017, pág. 327.

El remedio dispuesto en la antes aludida Regla opera en dos situaciones: cuando el demandado no cumple con el requisito de comparecer a contestar la demanda o defenderse, o cuando una de las partes en un pleito incumple con algún mandato del tribunal, y este le impone la rebeldía a manera de sanción. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc. y otros*, 2023 TSPR 110, 212 DPR ___ (2023). *Supermercado Grande, Inc. v. Álamo Pérez,* 158 DPR 93, 100 (2002). El mismo, además, tendrá como consecuencia jurídica que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda, o aquella formulada contra el rebelde, y que se autorice al tribunal a dictar sentencia, si esta procede en derecho. *Martínez Rodríguez v. Lang Correa,* supra*; Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).

Ahora bien, los tribunales tienen la facultad de dejar sin efecto una anotación de rebeldía cuando exista justa causa para ello. Igualmente, pueden, de conformidad con lo dispuesto en la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, dejar sin efecto una sentencia dictada en rebeldía. Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3.

No obstante lo anterior, la parte que solicita que se deje sin efecto una anotación de rebeldía, tiene el deber de presentar evidencia de circunstancias que a juicio del tribunal demuestre: justa causa para la dilación; probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que pueda ocasionarse a la otra parte es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop,* supra, a la pág. 593. No son suficientes escuetas alegaciones o someros argumentos al respecto. *Correa v. Marcano,* 139 DPR 856, 862 (1996).

De otra parte, nuestro Alto Foro ha resaltado que, para poder acreditar la justa causa, el abogado o la parte tendrá que ofrecer explicaciones concretas y particulares debidamente evidenciadas en el escrito pertinente. Alegaciones superfluas, vaguedades o planteamientos estereotipados, no cumplen con las exigencias reconocidas en el ordenamiento. *División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto* Rico, 2023 TSPR 107, 212 DPR ___ (2023); Soto *Pino v. Uno Radio Group,* 189 DPR 84, 92-93 (2013); *Febles v. Romar,* 159 DPR 714, 70 (2003).

### III.

En el presente caso, la parte apelante aduce que el foro *a quo* debió dejar sin efecto la anotación de rebeldía, dado a que existían causas justificadas por las que no presentó su contestación a la demanda en el término concedido.

Un examen del expediente que nos ocupa mueve nuestro criterio a resolver que el tribunal primario no incidió al negarse a levantar la anotación de rebeldía. Según reseñamos, la parte que interese que se levante una anotación de rebeldía, o inclusive que se deje sin efecto una sentencia en rebeldía, deberá demostrar justa causa para su incomparecencia y una buena defensa, no pudiendo descansar en escuetas alegaciones o someros argumentos al respecto.

Tal cual relatamos anteriormente, el apelante nunca presentó su contestación a la demanda, aún con el beneficio de una prórroga concedida por el foro recurrido. Así, pues, el tribunal le anotó la rebeldía a solicitud de la parte apelada, luego de que transcurriera aproximadamente un mes de haber expirado el término otorgado. No fue hasta que el foro primario dictó sentencia en rebeldía a favor de la parte apelada que el apelante compareció en solicitud de reconsideración. En su escrito, únicamente manifestó que su

representante legal tuvo un imprevisto médico por el cual se vio impedido de presentar la contestación a la demanda. Sin embargo, no detalló cual fue la situación médica que tuvo su abogado, ni incluyó ninguna documentación al respecto. Peor aún, no esbozó en su escrito ninguna buena defensa en los méritos de la reclamación de epígrafe, conforme a lo requerido por nuestro ordenamiento procesal civil.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia en Rebeldía* apelada.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal. La Jueza Grana Martínez disiente mediante voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| CONSEJO DE TITULARES DEL CONDOMINIO PLAYA AZUL II REPRESENTADO POR SU JUNTA DE DIRECTORES<br><br>Apelado<br><br>v.<br><br>GONZÁLEZ EQUIPOS, INC.<br><br>Apelante | KLCE202301086 | *Certiorari* acogido como Apelación procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Sobre:<br>Cobro de Dinero; Incumplimiento de Contrato<br><br>Caso Núm.:<br>CA2023CV00878 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

### VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ

Los principios básicos de acceso a la justicia, el debido proceso de ley y la política pública en pro de que los casos se ventilen en sus méritos, me obligan a disentir de la opinión mayoritaria. Los tribunales somos el foro que los ciudadanos tienen disponibles para buscar remedios a sus conflictos legales. Nuestra función principal es garantizarle un proceso justo e imparcial. La solución justa a sus conflictos amerita el descubrimiento de la verdad. La rebeldía no puede ser usada para darle la ventaja a los demandantes de tener una sentencia a su favor, sin una vista en sus méritos. *Jrt v. Missy Mfg. Corp.,* 99 DPR 805, 811 (1971).

A diferencia de la opinión mayoritaria entiendo que existe justa causa para dejar sin efecto la anotación de rebeldía. La apelante demostró la **existencia de negligencia excusable para la dilación en contestar la demanda**. González Equipos Inc. solicitó reconsideración a la anotación de rebeldía y a la sentencia en rebeldía oportunamente. La apelante atribuyó la tardanza en contestar la demanda a que su abogada tuvo un problema de salud imprevisto y a que, por error e inadvertencia, quedó pendiente de presentación la contestación a la demanda.

La moción de reconsideración estuvo acompañada de la contestación de la demanda en la que la apelante evidenció **que tiene una buena defensa en sus méritos.** La apelante negó la existencia de la deuda, de enriquecimiento ilegal, del recibo y retención ilegal de pagos duplicados. Igualmente negó la procedencia de devolución de cantidad alguna. **Véase, alegaciones 4-6, 8 y 10 de la Contestación de la Demanda**. También alegó que realizó gestiones con la apelada para aclarar la alegada duplicidad de pagos. Como defensa afirmativa alegó que la demandante está impedida por sus actos propios, porque el contrato se realizó en su totalidad conforme a lo pactado. Según la apelante, tiene evidencia de las certificaciones preparadas con el propósito de efectuar pagos, que acreditan que realizó el trabajo. Véase, págs. 24 y 25 del apéndice del recurso.

Por otro lado, no entiendo que la demandante pueda sufrir algún perjuicio porque se deje sin efecto la anotación de rebeldía. A nuestro juicio es pertinente señalar que el contrato que originó la demanda ocurrió el 31 de agosto de 2012 y se enmendó el 28 de febrero de 2013. Aunque la apelada no alegó cuándo hizo los supuestos pagos duplicados, no es hasta el 22 de marzo de 2023 que presentó la demanda.

A mi entender, resulta obvio concluir que los fundamentos para levantar la anotación de rebeldía son los mismos por los que procede dejar sin efecto la sentencia en rebeldía. La apelante demostró: (1) negligencia excusable para su dilación en contestar la demanda, (2) tener una buena defensa en sus méritos, (3) que el levantamiento de la rebeldía no causaría perjuicio a la apelada y (4) solicitó reconsideración oportunamente a la sentencia en rebeldía.

El foro primario ejerció irrazonablemente su discreción. Los hechos materiales alegados en la demanda son insuficientes para establecer una causa de acción que justifique el remedio que la

apelada solicita. Sus alegaciones son generalizadas y concluyentes. La apelada solo alegó que hizo unos pagos duplicados a la apelante por $30,207.48 y que se ha negado a reembolsarlos. No obstante, de la demanda ni siquiera surge cuándo hizo esos pagos y por concepto de qué. La apelada tampoco acompañó con la demanda evidencia que acredite la existencia de la deuda y que su cuantía es líquida y exigible. La única evidencia que acompaña son las cartas que envió a la apelante el 10 de enero de 2022 y el 22 de marzo de 2022, que nada aportan a corroborar la existencia de la deuda y la cuantía.

Ante ese escenario, el foro primario debió ejercer su discreción para solicitarle a la apelada la comprobación de sus aseveraciones y realizar las vistas necesarias para confirmar la existencia de una causa de acción.

Por lo antes expuesto, disiento de la opinión mayoritaria, debido a que revocaría la anotación y la sentencia en rebeldía.
En San Juan, Puerto Rico, a 12 de enero de 2024.


Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones