ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| RETAIL VALUE, INC.<br>Demandante-Recurrido<br><br>Vs.<br><br>DANNY & DANIEL'S MANAGEMENT, LLC;<br>**CARLOS D. AYALA NIEVES, NOELIA L. MARRERO PORRATA Y LA SOCIEDAD LAGEL DE BIENES GANANCIALES COMPUESTA POR AMBOS**<br>Demandada-Peticionarios<br><br>CM HOLDING GROUP, INC.<br>Tercero Demandado | KLCE202400309 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Bayamón<br><br>Caso Núm. BY2022CV03143<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de abril de 2024.

Comparece el Sr. Carlos D. Ayala Nieves y la Sra. Noelia Marrero Porrata (en adelante, parte peticionaria) mediante un recurso de *certiorari* y nos solicita que revisemos la *Orden* emitida y notificada el 28 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante este dictamen, el TPI declaró No Ha Lugar la solicitud presentada por la por la parte peticionaria el 18 de febrero de 2024 para que se dejara sin efecto la anotación de rebeldía.

Por los fundamentos que expondremos, se expide el auto de *certiorari* y se revoca la *Orden* recurrida.

**I.**

El 17 de junio de 2022, Retail Value, Inc. (en adelante, RVI), presentó una *Demanda* sobre cobro de dinero e incumplimiento de contrato en contra de la compañía Danny & Daniel's Management,

LLC (en adelante, D & D).[1] En la demanda, RVI incluyó como codemandados a la parte peticionaria por entender que eran miembros y directores de D & D. Además, incluyó al Sr. Carlos D. Ayala Nieves como garantizador del contrato de arrendamiento que se describe a continuación.

Según se alegó, el 12 de diciembre de 2011, D & D y DDR Río Hondo LLC, S.E. (en adelante, DDR), subscribieron un contrato de arrendamiento de un espacio comercial localizado en el centro comercial Plaza Río Hondo Shopping Center en Bayamón, donde D & D y los peticionarios operaban un negocio restaurante conocido como *Casa Mofongo*. El contrato de arrendamiento tenía un término de duración de diez (10) años, a partir de su fecha de efectividad. Según sus términos, D & D se había comprometido a pagar la renta mínima a base de un precio determinado por pie cuadrado; un cargo de mantenimiento de las áreas comunes del centro comercial; cargos de mercadeo; cargos de seguro; contribuciones sobre la propiedad y sobre la renta, según aplicara; y, además, los correspondientes intereses y honorarios de abogados.

RVI alegó en la *Demanda* que D & D y la parte peticionaria incumplieron con su obligación de pagar la renta mensual pactada en el contrato adeudándole la suma de $148,300.72, la cual estaba vencida y era líquida y exigible.[2]

Por lo cual, RVI le solicitó al TPI como remedio que ordenara a D & D y a la parte peticionaria el pago de la suma adeudada por concepto de renta mensual, más los cargos aplicables, y que les impusiera el pago de costas y honorarios de abogado.

---

[1] Apéndice del *Certiorari*, pág. 1-7. Según surge de la *Demanda*, RVI es una compañía de responsabilidad limitada, organizada y existente conforme a las leyes del estado de Ohio, registrada y autorizada para hacer negocios en Puerto Rico.

[2] Cabe aclarar que en la *Demanda* se alegó que RVI era la entidad sobreviviente de varias fusiones corporativas. Con respecto a estas corporaciones fusionadas, surge de las alegaciones que DDR le había cedido la cantidad adeudada por D & D desde el comienzo del Contrato de Arrendamiento hasta el 27 de agosto de 2021. Por tanto, al RVI ser la sobreviviente de dichas fusiones, la convertía en la acreedora de las cantidades adeudadas por D & D y los peticionarios.

Luego de haber sido emplazada por edicto, la parte peticionaria compareció al pleito representada por el Lcdo. Iván Díaz López mediante la presentación de una *Contestación a Demanda*.[3] En síntesis, la parte peticionaria negó las alegaciones hechas en su contra en la demanda y levantó varias defensas afirmativas. Entre sus defensas, la parte peticionaria alegó falta de causa de acción; impedimento por incumplimiento contractual previo; impedimento de recobro por doble compensación y/o por cesión de derechos en subrogación; impedimento de recobro por cobro de ayudas gubernamentales para sufragar daños sufridos por negocios durante pandemia; exoneración y renuncia; objeto y causa contractual ilegal, nula y/o fraudulenta; falta de partes indispensable.

En cuanto a la defensa de exoneración y renuncia, la parte peticionaria alegó que no era dueña ni operaba el negocio de *Casa Mofongo Express* en el centro comercial para la fecha en que alegadamente se había dejado de pagar la renta. Sostuvo que el dueño del restaurante *Casa Mofongo* y *Casa Mofongo Express* era J & M Management (en adelante J & M), quien en el 2013 le vendió y cedió a la entidad CM Holding Group, Inc. (en adelante, CM), el uso del nombre comercial *Casa Mofongo Express*, así como la franquicia y operación de dicho restaurante comercial. Así pues, la parte peticionaria presentó una *Demanda Contra Terceros* en contra CM para que dicha parte le respondiera directamente a RVI por la alegada deuda de alquiler o para que le respondiera a la parte peticionaria mediante una acción de nivelación.[4]

Luego de varios trámites procesales, el 25 de abril de 2023, CM presentó su *Contestación a Demanda contra Tercero*, mediante

---

[3] Apéndice del *Certiorari*, págs. 64-66.
[4] Apéndice del *Certiorari*, págs. 75-77.

la cual negó las alegaciones hechas en su contra y levantó varias defensas afirmativas.[5]

Así las cosas, el 28 de abril de 2023, la parte peticionaria presentó una *Moción de Renuncia de Representación Legal* solicitando que se relevara al Lcdo. Iván Díaz López como su representante legal. El 1 de mayo de 2023, el TPI emitió una *Orden* declarando Ha Lugar la solicitud de la parte peticionaria. Además, le concedió un término de treinta (30) días para anunciar su nueva representación legal.[6]

El 23 de junio de 2023, RVI presentó una *Solicitud de Anotación de Rebeldía* alegando que la parte peticionaria no había anunciado su nueva representación legal en el término concedido para ello.[7]

El 11 de julio de 2023, el TPI emitió una *Orden* declarando No Ha Lugar la solicitud de RVI. Además, le ordenó a la parte peticionaria mostrar causa por la cual no se le debía imponer una sanción de $100 por haber incumplido con lo ordenado, y le concedió un término de veinte (20) días para expresarse y anunciar su nueva representación legal.[8]

El 9 de agosto de 2023, RVI presentó una *Segunda Solicitud de Anotación de Rebeldía* alegando que la parte peticionaria había incumplido nuevamente con lo ordenado por el TPI mediante la *Orden* de 11 de julio de 2023.[9] En esta ocasión, el TPI emitió una *Orden* mediante la cual le impuso una sanción de $100 a la parte peticionaria por el incumplimiento de la *Orden*. Además, le concedió

---

[5] Apéndice del *Certiorari*, págs. 97-110. Originalmente la *Contestación a Demanda Contra Tercero* había sido presentada el 17 abril de 2023, sin embargo, el TPI determinó que esta no cumplía con lo dispuesto en la Regla 6.2 (a) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.2(a), por lo que le concedió a la tercera demandada un término de cinco (5) días para cumplir con dicha Regla.
[6] Apéndice del *Certiorari*, pág. 114.
[7] Apéndice del *Certiorari*, págs.115-117.
[8] Apéndice del *Certiorari*. pág.119.
[9] Apéndice del *Certiorari*, págs. 124-126.

el término de cinco (5) días para satisfacer dicha sanción y cumplir con la referida *Orden*, so pena de que se le anotara la rebeldía.[10]

El 24 de octubre de 2023, RVI presentó una *Tercera Solicitud de Anotación de Rebeldía* por el incumplimiento de las órdenes emitidas por el TPI.[11]

Finalmente, el 25 de agosto de 2023, el TPI declaró Ha Lugar la solicitud de RVI y le anotó la rebeldía a la parte peticionaria.[12]

Así las cosas, el 1 de septiembre de 2023, RVI presentó una *Moción Solicitando se Emita Sentencia en Rebeldía Bajo La Regla 45 de las de Procedimiento Civil*.[13] Mediante dicha moción, RVI le solicitó al TPI que dictara *Sentencia* contra la parte peticionaria a tenor con la Regla 45 de Procedimiento Civil, *infra*. El TPI declaró No Ha Lugar la solicitud de RVI y procedió a señalar vista en rebeldía para el 18 de abril de 2024 de manera presencial.[14]

El 18 de febrero de 2024, la parte peticionaria compareció mediante una *Moción Asumiendo Nuevamente Representación Legal y Solicitando Se deje Sin Efecto Anotación de Rebeldía*.[15] En su moción, la parte peticionaria explicó que le había solicitado la renuncia al Lcdo. Iván Díaz López en el pleito por razones económicas; que no había podido contratar nueva representación legal; y que, luego de conseguir los recursos económicos, contrató nuevamente los servicios del Lcdo. Iván Díaz López. Finalmente, solicitó que se aceptara a dicho letrado como su representante legal; y que se dejara sin efecto la anotación de rebeldía para preservar la política pública de que los casos se ventilen en sus méritos.

En esa misma fecha, el TPI emitió una *Orden*, mediante la cual aceptó la representación legal del Lcdo. Iván Díaz López. No

---

[10] Apéndice del *Certiorari*, pág. 129.
[11] Apéndice del Certiorari, págs. 130-134.
[12] Apéndice del *Certiorari*, págs. 135-136.
[13] Apéndice del *Certiorari*, págs. 137-151.
[14] Apéndice del *Certiorari*, pág. 156.
[15] Apéndice del *Certiorari*, págs. 157-160.

obstante, se declaró No Ha Lugar la solicitud para que se dejara sin efecto la anotación de rebeldía.[16] Ante esto, la parte peticionaria presentó una *Moción de Reconsideración* el 27 de febrero de 2024,[17] la cual fue declarada No Ha Lugar por el TPI al día siguiente.[18]

Inconforme con la determinación del TPI, la parte peticionaria acudió ante nos el 13 de marzo de 2024 mediante recurso de *Certiorari*, en el cual señala la comisión por el TPI del siguiente error:

> Erró el [TPI] al abusar de su discreción y negarse a dejar sin efecto la anotación de rebeldía que pesa contra los peticionarios, no obstante que [estos] ya han contestado la demanda y levantado defensas meritorias a su favor, han presentado demanda contra terceros que [también] presenta alegaciones meritorias a su favor, y el juicio no está señalado sino hasta el 18 de abril [próximo], violando de esta forma la [política] prevaleciente de que los casos se vean en sus méritos.

El 20 de marzo de 2024, emitimos una *Resolución* concediéndole hasta el 3 de abril de 2024 a la parte recurrida para presentar su alegato en oposición.

Transcurrido dicho termino sin que la parte recurrida haya comparecido, procedemos a resolver sin contar con el beneficio de su posición.

**II.**

**A.**

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del

---

[16] Apéndice del *Certiorari*, págs. 161-162.
[17] Apéndice del *Certiorari*, pág. 163-167.
[18] Apéndice del *Certiorari*, págs. 168-169.

Derecho". *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al

determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

La precitada regla mandata que, como foro apelativo, evaluemos si alguna de las instancias enumeradas anteriormente es de aplicación a la petición de *certiorari*. De alguna estar presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. Por el contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

De ordinario, los tribunales apelativos no debemos intervenir con las decisiones discrecionales de un Tribunal de Primera Instancia a menos que se demuestre que dicho foro incurrió en un abuso de discreción, y que nuestra intervención evitaría un perjuicio sustancial. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). En todo caso, el criterio rector al momento de evaluar si un

tribunal ha abusado de su discreción es la razonabilidad de la determinación impugnada, y su fundamento en un sentido llano de justicia. *Íd.,* págs. 434-435.

**B.**

La rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho o de cumplir con algún deber procesal. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, pág. 327. Este mecanismo tiene el propósito de disuasivo para los que utilizan la dilación de los procedimientos judiciales. *Martínez Rodríguez v. Lang Correa,* 2023 TSPR 137, 212 DPR __ (2023). La anotación de la rebeldía se encuentra constituida en nuestro derecho procesal civil en la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, la cual dispone lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

La Regla 45.1 de Procedimiento Civil, *supra,* provee un remedio para las situaciones en las cuales el demandado no cumple con el requisito de comparecer a contestar la demanda y/o a defenderse en otra forma prescrita por ley, no presentando alegación alguna contra el remedio solicitado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 589 (2011); *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002). Además, aplica a manera de

sanción en aquellas instancias en las que alguna parte en el pleito ha incumplido con alguna orden del tribunal. *Íd.*

Se reconoce que la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia. *Rivera Figueroa v. Joe's European Shop*, supra. "[L]a anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". *Íd.*, pág. 590.

Finalmente, la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, dispone que "[E]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2".  Estos preceptos están cimentados en que los casos se ventilen en sus méritos. *Rivera Figueroa v. Joe's European Shop*, supra. Al respecto se ha establecido que esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se dejen sin efecto la anotación o la sentencia en rebeldía. *Íd.*

Nuestro más alto foro ha señalado que la Regla 45.3 de Procedimiento Civil de 2009, *supra,* la cual está vigente, es similar a la derogada Regla 45.3 de Procedimiento Civil de 1979. *Rivera Figueroa v. Joe's European Shop*, supra. Sobre esta última, el Tribunal Supremo de Puerto Rico ha expresado que:

> "Las Reglas 45.3 y 49.2 de Procedimiento Civil de 1979, supra, están estrechamente relacionadas. [...] Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra*, tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia, son igualmente aplicables cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto." *Neptune Packing Corp. v. Wakenhut Corp.*, 120 DPR 293-294 (1988) citado en *Rivera Figueroa v. Joe's European Shop*, supra, pág. 591.

Una "parte no puede utilizar la Regla 45.1 de Procedimiento Civil, *supra,* para conseguir el levantamiento de la anotación de rebeldía en su contra, necesita entonces probar la 'causa justificada' que requiere la Regla 45.3 de Procedimiento Civil, supra". *Figueroa v. Joe's European Shop*, supra, pág. 593.  Por lo tanto, la parte podrá presentar evidencia de circunstancias que demuestren la dilación, probar que tiene buena defensa en sus méritos "y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo". *Íd.*

### III.

En su recurso de *certiorari*, la parte peticionaria señala como único error que erró el TPI "al abusar de su discreción y negarse a dejar sin efecto la anotación de rebeldía que pesa contra los peticionarios, no obstante que [estos] ya han contestado la demanda y levantado defensas meritorias a su favor, han presentado demanda contra terceros que [también] presenta alegaciones meritorias a su favor, y el juicio no está señalado sino hasta el 18 de abril [próximo], violando de esta forma la [política] prevaleciente de que los casos se vean en sus méritos". En síntesis, la parte peticionaria plantea que el TPI debió haber dejado sin efecto la anotación de rebeldía para que no se le privara a la parte de su día en corte y que de esta forma el caso se pueda ver en sus méritos.

La rebeldía constituye un mecanismo procesal discrecional para el foro de instancia. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 590. Una vez anotada la rebeldía a una parte, la Regla 45.3 de Procedimiento Civil, *supra*, faculta al tribunal para dejar sin efecto la misma por causa justificada. Así pues, la parte que desea que se deje sin efecto la anotación de rebeldía, deberá presentar evidencia de circunstancias que demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con

relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 591.

Por otro lado, el Tribunal Supremo ha sido consecuente con sus expresiones, a los efectos de que favorece que los casos se ventilen en sus méritos. *Íd.*, pág. 591. Así pues, aun cuando la citada regla exige justa causa, esta "se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía". *Íd.*, pág. 592.

Surge del expediente del caso de autos que la parte peticionaria presentó oportunamente su *Contestación a Demanda* donde levantó varias defensas afirmativas, las cuales, de ser probadas, pudieran tener méritos. De igual forma, la parte peticionaria presentó *Demanda Contra Tercero* en la cual alegó que CM le era responsable directamente a RVI por la alegada deuda de alquiler o, en la alternativa, para que respondiera en nivelación. Además, surge del expediente que, antes de que se relevara al Lcdo. Iván Díaz López de la representación legal de la parte peticionaria, estos cumplieron con todas las órdenes emitidas por el foro primario. Por tanto, no fue hasta después de que la parte peticionaria se quedó sin representación legal que dejó de atender las órdenes del TPI. Asimismo, como causa justificada señalaron que fue por motivos económicos que habían tenido que solicitarle la renuncia al Lcdo. Iván Díaz López, por lo que se habían quedado desprovisto de representación legal durante el tiempo que el TPI emitió las órdenes.

Además, es pertinente destacar que el procedimiento está en sus etapas iniciales, por lo que dejar sin efecto la anotación de la rebeldía no le causará un perjuicio indebido a RVI.

En virtud de ello, somos del criterio que la parte peticionaria tenía defensas meritorias y de que existía causa justificada para que el foro primario dejara sin efecto la anotación de rebeldía en su

contra. Por tanto, y cónsono con la norma jurisprudencial que establece que la Regla 45.3 de Procedimiento Civil, *supra*, debe interpretarse de manera liberal, resolviéndose cualquier duda en favor de que se deje sin efecto la anotación de rebeldía y que los casos se ventilen en sus méritos, concluimos que se excedió en el ejercicio de su discreción el TPI al denegar levantar la anotación de rebeldía.

**IV.**

Por los fundamentos expuestos, se expide el auto de *Certiorari*, se revoca la *Orden* recurrida y se devuelve el caso al foro primario para la continuación de los procedimientos cónsono con lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones