ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V-ESPECIAL

| MOUNER AMER, NEDA MOHAMED Y ASHRAF AMER  Recurrida  v.  ONE ALLIANCE INSURANCE GROUP; **PRIMA GROUP, INC.;** FULANO Y MENGANA DE TAL; CORPORACIONES ACME; ASEGURADORAS X, Y, Z,  Peticionaria | KLCE202401097 | *CERTIORARI* procedente de Tribunal de Primera Instancia, Sala Superior de San Juan  Civil núm.: SJ2022CV02906  Sobre: Incumplimiento de Contrato; Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de octubre de 2024.

Comparece Prima Group, Inc. (en adelante, Prima Group y/o parte peticionaria) mediante un recurso de *Certiorari,* para solicitarnos la revisión de la *Orden* emitida, el 30 de julio de 2024, y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI).[1] Mediante la *Orden* recurrida, el tribunal de instancia declaró *No Ha Lugar* una solicitud, para que se dejara sin efecto la anotación de rebeldía emitida contra la parte peticionaria y, en consecuencia, no autorizó una demanda contra tercero. Sobre dicha determinación, la parte peticionaria presentó una solicitud de reconsideración,[2] la cual fue denegada mediante *Orden,* notificada el 11 de septiembre de 2024.[3]

---

[1] Apéndice del recurso, a la pág. 1. Puntualizamos que la parte peticionaria no incluyó en el apéndice el volante de notificación. Revisado el expediente judicial en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), quedó evidenciado que la misma fue notificada el 31 de julio de 2024. Véase, SUMAC, a la Entrada 86.
[2] Apéndice del recurso, a las págs. 3-12.
[3] *Íd.*, a la pág. 13. Véase, además, SUMAC, a la Entrada 97.

Número identificador

SEN2024_____

I

El presente caso tuvo su inicio el 18 de abril de 2022, cuando Mouner Amer, Neda Mohamed y Ashraf Amer (en adelante, y en conjunto, parte recurrida) presentaron una *Demanda* contra One Alliance Insurance Group (One Alliance), la parte peticionaria; Fulano y Mengana de Tal, Corporaciones ACME, y Aseguradoras X, Y, Z, sobre incumplimiento de contrato y daños y perjuicios.[4] Los emplazamientos contra One Alliance y contra la parte peticionaria fueron expedidos el 18 de abril de 2022.[5]

Posteriormente, y según se desprende de los autos, los emplazamientos expedidos contra One Alliance y contra la parte peticionaria fueron diligenciados el 29 de abril de 2022, respectivamente.[6]

De ahí, One Alliance presentó su *Contestación a Demanda*.[7] Subsiguientemente, el 1 de julio de 2022, la parte recurrida presentó una *Moción informativa y solicitando anotación de rebeldía a co-demandada Prima Group, Inc.*[8] En lo atinente, adujo haber diligenciado conforme a derecho el emplazamiento contra la parte peticionaria, por lo que, habiendo decursado el término para presentar alegación responsiva, sin haberlo hecho, procedía la anotación de rebeldía en su contra.

En respuesta, el tribunal de instancia notificó una *Orden,* el 11 de julio de 2022.[9] En su *Orden,* el foro primario instruyó a la parte recurrida a subsanar un defecto en el diligenciamiento del emplazamiento de la parte peticionaria. Lo anterior, tras razonar que el mismo era insuficiente para adquirir jurisdicción sobre la

---

[4] Apéndice del recurso, a las págs. 14-15 y 20-23.
[5] Conviene mencionar que, en la parte de abajo del diligenciamiento, justo debajo de la declaración jurada, aparece el nombre de Gisela Carlo, Supervisora Reclamaciones, y la fecha del 4/29/22.
[6] Apéndice del recurso, a las págs. 24-25 y 26-27.
[7] Véase, SUMAC, a la Entrada 6.
[8] Apéndice del recurso, a las págs. 28-29.
[9] *Íd.,* a la pág. 30.

corporación demandada, puesto a que el mismo no expresaba el nombre de la persona que recibió el emplazamiento a nombre de la corporación y, tampoco, expresaba que la referida persona estuviese autorizada a recibirlo, en representación de la empresa.

En cumplimiento con lo ordenado, el 22 de julio de 2022, la parte recurrida presentó un escrito al cual le adjuntó un emplazamiento diligenciado a Prima Group.[10] Conforme se desprende, el emplazamiento fue diligenciado, nuevamente, el 21 de julio de 2022. Esta vez, entregado a Prima Group por conducto de Alicia Meléndez, con la expresión de "persona autorizada".[11]

Tras varias instancias procesales innecesarias pormenorizar, y conforme se desprende de los autos ante el TPI en el SUMAC, mediante *Orden,* notificada el 18 de marzo de 2024, el foro primario, anotó la rebeldía a Prima Group.[12]

Semanas más tarde, el 8 de abril de 2024, One Alliance presentó una *Demanda de Coparte* contra Prima Group, la cual fue autorizada.[13] Examinada la misma, el foro *a quo* dispuso que One Alliance debía acreditar haber notificado copia de la misma a Prima Group "ya que el sistema SUMAC no le notifica a partes que no han comparecido".[14] En cumplimiento, el 9 de abril de 2024, One Alliance presentó escrito en cumplimiento de *Orden,*[15] en el cual expuso haber notificado personalmente los documentos al señor José Meléndez, representante autorizado de Prima Group, por conducto del mensajero, el señor Sigfrido Olivo, y mediante correo certificado a la dirección postal que obraba en el Registro de

---

[10] Apéndice del recurso, a las págs. 31-33.
[11] *Íd.*, a la pág. 33.
[12] Véase, SUMAC, a la Entrada 48.
[13] *Íd.*, a la Entrada 58.
[14] *Íd.*, a la Entrada 59.
[15] Apéndice del recurso, a las págs. 35-36 y 45. Véase, además, SUMAC, a la Entrada 60.

Corporaciones del Departamento de Estado, es decir, PO Box 776 Saint Just, PR 00978.[16]

De ahí, mediante *Orden,* notificada el 29 de abril de 2024, el tribunal de instancia concedió a Prima Group el término de treinta (30) días para presentar alegación responsiva.[17] En la referida *Orden,* el foro de instancia también dispuso que la misma fuese notificada a Prima Group a las direcciones informadas por One Alliance en su escrito. Se desprende de los autos que la *Orden* fue notificada a la antedicha dirección postal, así como a través del correo electrónico: condo@primagrouppr.com.[18]

Así las cosas, el 19 de mayo de 2024, ocurrieron dos (2) eventos procesales instados por Prima Group. El *primero* fue que Prima Group compareció por primera vez al pleito, mediante una *Moción asumiendo representación legal.*[19] El *segundo* fue que esta presentó una *Moción de desestimación a demanda co-parte, sin someterse a la jurisdicción.*[20] En esencia, planteó que la *Demanda de Coparte* en su contra debía ser desestimada, aduciendo que, cuando se diligenció el emplazamiento de la *Demanda* original, se hizo, en dos ocasiones, por conducto de una persona no autorizada, por lo que no se adquirió jurisdicción sobre la corporación.[21] Por su parte, tanto la parte recurrida, así como One Alliance, presentaron sus escritos en oposición.

En respuesta, mediante *Orden,* notificada el 20 de junio de 2024, el tribunal de instancia declaró *No Ha Lugar* la solicitud de desestimación y concedió término a Prima Group para presentar su contestación a demanda contra co-parte.[22]

---

[16] Apéndice del recurso, a la pág. 36.
[17] Véase, SUMAC, a la Entrada 63.
[18] *Íd.,* a la Entrada 63.
[19] *Íd.,* a la Entrada 65. En el cuerpo del escrito se informó tanto la dirección física como la postal de Prima Group.
[20] Apéndice del recurso, a las págs. 46-57.
[21] *Íd.,* a la pág. 51.
[22] *Íd.,* a la pág. 39.

Semanas más tarde, el 2 de julio de 2024, Prima Group presentó una *Urgente moción en solicitud de relevo de anotación de rebeldía.*[23] Expresó, en síntesis, que, luego de haberse litigado el asunto sobre el emplazamiento, y que el foro primario hubiese dispuesto que no se desestimaría la acción en su contra y que se debía contestar la *Demanda de Coparte*, no acudirían en revisión judicial y que se sometían a la jurisdicción del Tribunal. A tenor, solicitaron que se le levantara la rebeldía anotada en cuanto a la *Demanda* original. En la misma fecha, Prima Group presentó dos (2) escritos adicionales. El *primer* escrito fue su *Contestación a Demanda,*[24] y el *segundo* fue su *Contestación a Demanda contra coparte.*[25]

Mientras la controversia sobre la procedencia o no de la solicitud de desestimación de la demanda de coparte se encontraba *sub-judice*, el 3 de julio de 2024, Prima Group presentó una *Urgente moción en solicitud de permiso para presentar Demanda contra Tercero al amparo de la Regla 12.1 de Procedimiento Civil.*[26] Además, en un escrito separado, pero, presentado en la misma fecha, la aludida parte presentó una *Demanda contra Tercero* contra Community Insurance Agency of Puerto Rico, Inc. y Ricardo Javier González Cruz.[27]

En relación con la solicitud para que se levantara la rebeldía, el 18 de julio de 2024, la parte recurrida presentó su oposición.[28] En apretada síntesis, su argumento fue que Prima Group no demostró causa justificada para su dilación en contestar la *Demanda*, salvo por lo del asunto del alegado defecto en el emplazamiento. Por su parte, en la misma fecha en la cual la parte

---

[23] *Apéndice del recurso*, a las págs. 59-63.
[24] *Íd.,* a las págs. 78-89.
[25] *Íd.,* a las págs. 90-97.
[26] *Íd.,* a las págs. 64-66. La *Demanda contra Tercero* se encuentra en el apéndice del recurso, a las págs. 67-69.
[27] Apéndice del recurso, a las págs. 103-105.
[28] *Íd.,* a las págs. 70-74.

recurrida presentó su escrito, One Alliance, igualmente, presentó *Oposición a Urgente moción en solicitud de relevo de anotación de rebeldía.*[29] En esencia, su argumento fue el mismo que el presentado por la parte recurrida.

En respuesta, el 30 de julio de 2024, el foro primario emitió la *Orden* recurrida, la cual fue notificada al día siguiente.[30] Mediante la ante dicha *Orden,* declaró *No Ha Lugar* la solicitud para que se le levantara la rebeldía a Prima Group, y no autorizó la *Demanda contra Tercero.* En su *Orden,* el tribunal de instancia expresó "[a]nte la ausencia de justa causa alegada por Prima Group, Inc[.] para no contestar la demanda dentro del término reglamentario luego de haber sido debidamente emplazada, el tribunal no tiene discreción para dejarla sin efecto". Por otro lado, como parte de su dictamen, incluyó instrucciones relacionadas al descubrimiento de prueba de la *Demanda de coparte,* y señaló vista sobre el estado de los procedimientos.

Inconforme con lo dispuesto, el 13 de agosto de 2024, la parte peticionaria presentó una *Moción de reconsideración.*[31] Adujo, en síntesis, que en el caso se había estado dilucidando si había o no jurisdicción sobre la persona jurídica y que fue, el 20 de junio de 2024, que el tribunal recurrido dispuso que no procedía la desestimación, tras juzgar que esta parte fue debidamente emplazada. Arguyó que, resuelta esta controversia, presentó la solicitud para que se levantara la rebeldía.

En reacción, tanto la parte recurrida como One Alliance presentaron sus respectivas oposiciones al petitorio y solicitaron que se denegara el pedimento de Prima Group.

---

[29] Apéndice del recurso, a las págs. 75-77.
[30] *Íd.,* a la pág. 1.
[31] *Íd.,* a las págs. 3-12.

Examinado lo anterior, mediante *Orden,* notificada el 11 de septiembre de 2024, el tribunal de instancia declaró *No Ha Lugar* la solicitud de reconsideración.[32] En su determinación, el foro *a quo* razonó, nuevamente, que Prima Group no había establecido la justa causa para no haber comparecido con anterioridad al pleito y que los planteamientos, sobre insuficiencia del emplazamiento, habían sido "resueltos mediante Orden del 20 de junio de 2024".[33]

Insatisfecha aún, el 10 de octubre de 2024, la parte peticionaria instó un recurso de *Certiorari* ante este Tribunal de Apelaciones, en el cual esgrimió la comisión de los siguientes dos (2) errores:

1. Erró el Honorable Tribunal de Primera Instancia al resolver que, no se estableció justa causa para no haber comparecido con anterioridad al pleito, no levantó la anotación de rebeldía y en consecuencia no permitió la Demanda Contra Tercero.

2. Erró el Honorable Tribunal de Primera Instancia al abusar de su discreción haciendo abstracción del debido proceso de Ley.

Junto al recurso, la parte peticionaria presentó una *Moción en auxilio de jurisdicción*. En respuesta, mediante *Resolución* emitida el 10 de octubre de 2024, declaramos No Ha Lugar la antedicha solicitud. Por otro lado, el 21 de octubre de 2024, compareció la parte recurrida mediante *Escrito en Oposición a Certiorari.* En esa misma fecha, compareció One Alliance mediante *Oposición a Petición de Certiorari.* Con el beneficio de la comparecencia de las partes, procederemos a exponer el derecho aplicable.

II

A. **Expedición del Recurso de *Certiorari***

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[34] Esta Regla limita la autoridad

---

[32]Apéndice del recurso, a la pág. 13.
[33] *Íd.,* a la pág. 13. Véase, Entrada 97 en el SUMAC.
[34] 32 LPRA Ap. V, R. 52.1.

y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> [...].

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[35]

> [...].

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> [...].

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

> [...].[36]

Establecido lo anterior, precisa señalar que el recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal

---

[35] 32 LPRA Ap. V, R. 52.1.
[36] *Íd.*

inferior.[37] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[38] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[39] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[40] Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [41]

El Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de

---

[37] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[38] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).
[39] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).
[40] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, a la pág. 435.
[41] 4 LPRA Ap. XXII-B, R.40.

pasión, prejuicio, parcialidad o error manifiesto.[42] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[43]

### B. La Anotación de Rebeldía

La Regla 45 de Procedimiento Civil regula la figura de la rebeldía.[44] En lo pertinente, dispone que se anotará la rebeldía, "cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo [...]".[45] Dicho de otra manera, la rebeldía supone la posición procesal en que se coloca a la parte que dejó de ejercitar su derecho a defenderse o cumplir con su deber procesal.[46] Así, este mecanismo funciona como sanción contra aquella parte que, luego de dársele la oportunidad para la reclamación, decide no defenderse.[47]

La anotación de rebeldía podrá realizarse *motu proprio* por el tribunal o a moción de parte.[48] Una vez anotada, tendrá el efecto de que se admitan como ciertas las aseveraciones de las alegaciones afirmativas.[49] Además, anotada la rebeldía, el tribunal queda

---

[42] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

[43] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

[44] 32 LPRA Ap. V, R. 45.

[45] 32 LPRA Ap. V, R. 45.1; *Martínez v. Inst. Cardiopulmonar*, 2023 TSPR 137, 213 DPR ___ (2023).

[46] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011), citando a R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Ed. Lexisnexis, 2010, Sec. 2701, a la pág. 287.

[47] *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 823 (2023); *González Pagán v. Moret Guevara*, 202 DPR 1062, 1069 (2019), citando a *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002).

[48] 32 LPRA Ap. V, R. 45.1.

[49] *Id.*

autorizado para dictar sentencia, si esta procede como cuestión de derecho.[50]

No obstante lo anterior, conforme a la Regla 45.3 de Procedimiento Civil[51], los tribunales tienen la facultad de dejar sin efecto una anotación de rebeldía, así como también la sentencia que en tal condición se emita, por causa justificada.[52] Ahora bien, la parte que solicite que se deje sin efecto una anotación de rebeldía, deberá demostrar: (i) justa causa para la dilación; (ii) que tiene una buena defensa en sus méritos, y (iii) que el grado de perjuicio que pueda ocasionarse a la otra parte es razonablemente mínimo.[53] No bastará con escuetas alegaciones o someros argumentos al respecto.[54]

Por otra parte, el Tribunal Supremo ha expresado que dicha regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. Ello, puesto que el ideal del relevo de la rebeldía es que los casos se ventilen en sus méritos.[55]

### III.

Esta es la segunda ocasión en que este Panel tiene ante su consideración un recurso apelativo en relación con este caso. En el recurso ante nos, la parte peticionaria sostiene que el foro primario incidió al no levantarle la anotación en rebeldía y disponer que no estableció la justa causa por la cual no había comparecido con anterioridad al pleito. Por otra parte, entiende que el aludido foro erró al no permitirle presentar una demanda contra tercero.

Según esbozamos en nuestra previa exposición doctrinal, el recurso de *Certiorari* es un vehículo procesal mediante el cual este

---

[50] *Martínez v. Inst. Cardiopulmonar,* supra; *Rivera Figueroa v. Joe's European Shop,* supra, a la pág. 589.
[51] 32 LPRA Ap. V, R. 45.3.
[52] 32 LPRA Ap. V, R. 45.3.
[53] *Rivera Figueroa v. Joe's European Shop,* supra, a la pág. 593.
[54] *Correa v. Marcano,* 139 DPR 856, 862 (1996).
[55] *Rivera Figueroa v. Joe's European Shop,* supra, a la pág. 591.

Tribunal apelativo puede revisar las determinaciones del foro primario.[56] Ahora bien, a diferencia del recurso de apelación, este recurso es de carácter discrecional.[57] A esos efectos, nuestra intervención esta limitada por la Regla 40 de este Tribunal, la cual restringe nuestra intervención a instancias en las cuales media error, perjuicio, parcialidad y para evitar un fracaso a la justicia.[58]

Luego de revisar minuciosamente los autos ante nuestra consideración y examinar detenidamente el expediente electrónico disponible en el SUMAC, coincidimos con la parte peticionaria en que es necesario que expidamos el auto de *Certiorari* y revoquemos la *Orden* recurrida, puesto a que el tribunal de instancia cometió los errores esgrimidos por la parte peticionaria. Nos explicamos.

En el caso del título, la parte recurrida instó una *Demanda* en el mes de abril del año 2022. El emplazamiento contra Prima Group fue expedido el mismo día en que se presentó la *Demanda*. Al ser diligenciado, el foro primario no estuvo satisfecho con el diligenciamiento por lo que ordenó que fuese subsanado. De ahí, la parte recurrida diligenció nuevamente el emplazamiento a Prima Group. Luego, la parte recurrida solicitó la anotación de rebeldía, pero nada se dispuso sobre el particular en ese momento.

De lo que sigue, y en lo atinente**, transcurrieron dos (2) años** de trámite procesal, entonces, el foro primario, mediante *Orden,* notificada el **18 de marzo de 2024**, **anotó la rebeldía a Prima Group.** Puntualizamos que, a esta fecha, Prima Group no había comparecido en autos.

Entonces, semanas más tarde, One Alliance presentó una *Demanda contra Coparte* contra Prima Group. Recibido el antedicho escrito, el tribunal recurrido ordenó a One Alliance a notificarle el

---

[56] *Rivera et al. v. Arcos Dorados et al.*, supra, a la pág. 207*; 800 Ponce de León v. AIG,* supra, a la pág. 174.
[57] *Rivera Figueroa v. Joes's European Shop*, supra, a la pág. 596.
[58] 4 LPRA Ap. XXII-B, R.40.

mismo a Prima Group, debido a que esta parte no había comparecido en autos y SUMAC no le notificaba automáticamente. En cumplimiento, One Alliance presentó un escrito el 9 de abril de 2024, en el cual informó haber cumplido con lo ordenado.

De esta manera, el **19 de mayo de 2024**, Prima Group compareció por primera vez al pleito, mediante una solicitud de desestimación en cuanto a la *Demanda contra Coparte*, porque alegadamente hubo un defecto en el emplazamiento en la *Demanda* original que privaba al TPI de jurisdicción sobre la persona jurídica Prima Group. Atendida esta solicitud, el foro *a quo* denegó la misma mediante dictamen, notificado el **20 de junio de 2024**, y le concedió término a Prima Group para contestar la *Demanda contra Coparte*.

En este punto, destacamos que, dentro de los términos de revisión judicial del antedicho dictamen, Prima Group optó por presentar una solicitud ante el TPI para que se le levantara la rebeldía y se le aceptara su *Contestación a Demanda*, la cual presentó junto a su escrito. Igualmente, solicitó autorización para presentar una *Demanda contra Tercero*. Sin embargo, ambas solicitudes le fueron denegadas por el TPI, varias semanas más tarde.

Ahora bien, es sus escritos en oposición al pedimento de Prima Group, la parte recurrida y One Alliance nos invitan a coincidir en que el TPI no cometió un error que amerite nuestra intervención en esta etapa y que, en efecto, la parte peticionaria no demostró justa causa para que el tribunal *a quo* le levantara la rebeldía. No nos convence. Tampoco nos convence lo dispuesto por el juzgador de instancia en la *Orden* recurrida, en cuanto a que no tenía discreción para dejar sin efecto la anotación de rebeldía.

Las Reglas de Procedimiento Civil confieren facultad al tribunal de instancia, tanto para anotar la rebeldía como para levantarla. Ahora bien, será necesario que la parte que solicita el

levantamiento de rebeldía demuestre (i) justa causa para la dilación; (ii) que tiene una buena defensa en sus méritos, y (iii) que el grado de perjuicio que pueda ocasionarse a la otra parte es razonablemente mínimo.[59]

En el caso se marras, es un hecho indubitado que, tras Prima Group haber sido notificada de la *Demanda contra Coparte*, se desencadenaron una serie de eventos procesales que atacaron la jurisdicción sobre esta persona jurídica. Estos eventos culminaron en la denegatoria del foro primario en cuanto a una solicitud de desestimación. Ya todas las partes claras de que el tribunal recurrido tenía jurisdicción sobre estas, este Panel coincide en que Prima Group solicitó oportunamente que se le levantara la rebeldía. Razonamos, además, que, fue proactivo al presentar incluso su *Contestación a Demanda* e iniciar otros trámites procesales de inmediato, renunciando incluso a su derecho a solicitar la reconsideración y a acudir en revisión judicial de la denegatoria de desestimación.

Merece destacar, además, que dicha anotación de rebeldía, que fue notificada por el TPI en el mes de marzo de 2024, fue incluso devuelta, puesto a que se notificó a una dirección física y no postal.[60] En línea de lo anterior, podríamos concluir que la anotación de rebeldía fue inoficiosa. Ahora bien, examinado la totalidad de los autos, coincidimos en que lo que amerita en este caso es que se levante la rebeldía, pues somos del criterio que la justa causa se desprende del propio tracto procesal de este caso. Es decir, la justa causa en este caso redunda en que la parte peticionaria no compareció al pleito, pues entendía que no había jurisdicción sobre su persona.

---

[59] *Rivera Figueroa v. Joe's European Shop,* supra, a la pág. 593.
[60] Véase, SUMAC, a la Entrada 48 y Entrada 73. En la Entrada 73 se encuentra la notificación de *Orden* devuelta, en la cual se le anotó la rebeldía a Prima Group. Dicha Orden fue cargada al SUMAC el 24 de junio de 2024.

Establecido lo anterior, amerita señalar que el ideal del relevo de la rebeldía es que los casos se ventilen en sus méritos.[61]A tenor, nuestra jurisprudencia ha sido enfática en que el levantamiento de la anotación de rebeldía debe interpretarse de manera liberal, y, cualquier duda, debe resolverse a favor de que se deje sin efecto la rebeldía.[62] Por otra parte, se ha dejado claro que la anotación de rebeldía es primordialmente una sanción para aquella parte que dejó de defenderse.[63]

Aunque en el presente caso la parte peticionaria tardó (2) dos años en comparecer al pleito, ante el entendimiento de que no había sido emplazada correctamente, según reseñamos, una vez el tribunal resuelve definitivamente que tenía jurisdicción sobre su persona, Prima Group comenzó a participar activamente del caso y fue diligente con la presentación de sus escritos. Sin el ánimo de resultar reiterativos, Prima Group incluso, se sometió a la jurisdicción del tribunal, aun teniendo la oportunidad de acudir ante este Foro apelativo para cuestionar el dictamen emitido en cuanto a la jurisdicción sobre su persona. Además, precisa señalar que, en este caso, el descubrimiento de prueba no ha concluido y, tan reciente como abril del año en curso, el tribunal *a quo* permitió una demanda contra coparte, por lo que entendemos que el grado de perjuicio que pueda ocasionar el levantamiento de rebeldía a las partes es mínimo. En cuanto a la buena defensa en los méritos, puntualizamos que, conforme se desprende de los autos, en este caso, alberga la posibilidad de que, conforme a las alegaciones, existan unos terceros responsables de las alegaciones que se le imputan a la parte peticionaria. Sin embargo, junto a la negativa de levantar la rebeldía, el tribunal de instancia dispuso que no

---

[61] *Rivera Figueroa v. Joe's European Shop*, supra, a la pág. 591.
[62] *Íd.*
[63] *Mitsubishi Motor v. Lunor y otros*, supra, a la pág. 823; *González Pagán v. Moret Guevara*, supra, a la pág. 1069; *Álamo v. Supermercado,* supra, a la pág. 101.

permitiría la demanda contra tercero instada por Prima Group. Por consiguiente, el levantar la rebeldía permitirá que la parte peticionaria esté en mejor posición de defenderse.

Por todo lo expuesto, juzgamos que el tribunal de instancia falló al concluir que no tenía discreción, empero, con su proceder razonamos que se excedió en su discreción al denegar levantar la rebeldía y, en consecuencia, no autorizar la Demanda contra Tercero.

En suma, puntualizamos que el acervo jurídico nos guía para que le debamos deferencia a las determinaciones del foro primario, por lo que no debemos intervenir a menos que se demuestre que el foro recurrido: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[64] Luego de toda la discusión que antecede, es claro que, ante las circunstancias particulares de este caso, disponemos la intervención de este foro revisor nuestra es necesaria en esta etapa de los procedimientos para corregir lo actuado por el tribunal *a quo* de forma tal que, se pueda prevenir un fracaso a la justicia. Es por todo lo anterior que resolvemos que los errores alzados fueron cometidos.

IV

Por los fundamentos que anteceden, se *expide* el auto de *Certiorari* y se *revoca* la *Orden* recurrida. En consecuencia, se levanta la rebeldía a Prima Group y se acepta su *Contestación a Demanda,* así como su *Demanda contra Tercero,* contra Community Insurance Agency of Puerto Rico, Inc. y Ricardo Javier González Cruz. Se devuelve el caso al foro de instancia, para la continuación de los procedimientos, en armonía a lo aquí resuelto.

---

[64] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones